PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

United States Courts
Southern District of Texas
F I L E D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE _____ DISTRICT OF TEXAS
## _____ DIVISION

DEC 26 2019

David J. Bradley, Clerk of Court

Lilly Anne Hopkins aka Samuel Hopkins #1986831
_____
Plaintiff's Name and ID Number

John B. Connally Unit
_____
Place of Confinement

CASE NO._____

(Clerk will assign the number)

v.
LORIE DAVIS _ TDCJ-CID Director
PO Box 99, Huntsville, TX 77342
_____
Defendant's Name and Address
LANNETTE LINTHICUM - TDCJ Health Services Div. Dir.
2 Financial Plaza, Ste 625, Huntsville, TX 77340
_____
Defendant's Name and Address
DR. JOSEPH PENN - UTMB, Head of TDCJ Psychiatry
UTMB, 301 University Blvd, Galveston, TX 77555
_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

_____

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at you prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or a initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from you inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE OF THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.   PREVIOUS LAWSUITS:

   A.  Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___YES <sup>X</sup> NO

   B.  If your answer to "A" is "yes", describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

   1.  Approximate date of filing lawsuit: _____

   2.  Parties to previous lawsuit:

   Plaintiff(s) _____

   Defendant(s) _____

   3.  Court: (If federal, name the district; if state, name the county.) _____

   4.  Cause number: _____

   5.  Name of judge to whom case was assigned: _____

   6.  Disposition: (Was the case dismissed, appealed, still pending?) _____

   7.  Approximate date of disposition: _____

II.     PLACE OF PRESENT CONFINEMENT: _John B. Connally Unit_____

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?     _X_ YES ___NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.     PARTIES TO THIS SUIT:

A. Name and address of plaintiff: _Lilly Anne Hopkins aka Samuel Hopkins #1986831_
   _Connally Unit_
   _899 FM 632_____

   _Kenedy, TX 78119_____

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1:_Lorie Davis - TDCJ-CID Director_____

_P.O. Box 99, Huntsville, TX 77342_____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_She is violating my Eighth Amendment rights guaranteed by the U.S. Constitution_

Defendant #2: _Lannette Linthicum - TDCJ Health Services Division Dir, CMHCC member_

_2 Financial Plaza, Ste 625, Huntsville, TX 77340_

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

_She is violating my Eighth Amendment rights guaranteed by the U.S. Constitution_

Defendant #3: _Dr. Joseph Penn - UTMB, Head of TDCJ Psychiatry_

_UTMB, 301 University Blvd, Galveston, TX 77555_

Briefly describe the acts(s) or omission(s) of this defendant which you claimed harmed you.

_He is violating my Eighth Amendment rights guaranteed by the U.S. Constitution_

Defendant #4: _Robert D. Barrow, M.D. CMHCC Member and Chairperson_

_UTMB, 301 University Blvd, Galveston, TX 77555_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

_He is violating my Eighth Amendment rights guaranteed by the U.S. Constitution_

Defendant #5: _See Attached list._____

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Rev. 05/15

3



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

Offender Name: Samuel Hopkins         TDCJ # 1986831

Unit: Telford         Housing Assignment: 12-C-37

Unit where incident occurred: Stiles Unit

**OFFICE USE ONLY**

Grievance #: 2019043975

UGI Recd Date: MAR 21 2019

HQ Recd Date: MAR 25 2019

Date Due: 05-05

Grievance Code: 625

Investigator ID#: _____

Extension Date: _____

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**     *I am dissatisfied with the response at Step 1 because...*

Please note I filed a Step 2 on 3/5/2019 with the extension attached, I've now received the ~~received~~ Step 1 back and am now filing this Step 2 with the Step 1 attached, received 3/20/2019.

Please also note, I'm not grieving Dr. Davis, she attempted to provide me with the beneficial care but was unable to do so as the options were not available in the pass module.

I'm grieving instead, not being able to receive the beneficial care as outlined per the specialist. Per the specialist in the "Diagnosis/Plan" portion it concluded that "Based on severe distress patient could benefit from being able to express self as female." Two aspects of that, "Female clothing and longer hair", were discussed.

Forced masculine gender expression is causing me a great deal of distress, it has led to increased self-harm and suicidal ideation. Mental health has been made aware of it and has encouraged me to talk to the gender specialist about it which in turn has found itself in the notes. Very simply put, "Based upon severe distress patient could benefit from being able to express self as female." Please provide me with medical passes to receive the beneficial care. I have not been provided the care it was noted I would benefit from.

(cc) my records.

I-128 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix G

_____
_____
_____
_____
_____

**Offender Signature:** Samuel Hopkins          **Date:** 3/20/2019

**Grievance Response:**

A review of your medical grievance and documentation has been completed regarding your medical request to have a pass for longer hair and panties.

According to the medical documentation you were seen in the gender dysphoria clinic on 01/30/2019. You feel having these things would improve your thoughts of suicide and self-harm. Unfortunately medical has no control of these policies set forth by TDCJ regarding the length of your hair or panties. You are advised to continue to attend your scheduled appointments with the gender dysphoria clinics and to discuss feelings of self- harm with the mental health staff. All policies and procedures have been followed.

Documentation in the medical record indicates you have been afforded access to proper medical care in accordance with Correctional Managed Health Care Policy E.37.1. You are advised to submit a Sick Call Request if you feel your condition has changed and warrants further evaluation.

**STEP II MEDICAL GRIEVANCE PROGRAM**
**OFFICE OF PROFESSIONAL STANDARDS**
**TDCJ HEALTH SERVICES DIVISION**

**Signature Authority:** _____          **Date:** 3/29/19

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

Initial Submission          CGO Initials: _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____ Screened      ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____

2nd Submission          CGO Initials: _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____ Screened      ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____

3rd Submission          CGO Initials: _____

Date UGI Recd:_____

Date CGO Recd:_____

(check one) ____ Screened      ____Improperly Submitted

Comments:_____

Date Returned to Offender:_____

**I-128 Back** (Revised 11-2010)                    **Appendix G**



## Texas Department of Criminal Justice

# STEP 1   OFFENDER GRIEVANCE FORM

OFFICE USE ONLY

Grievance #: 2019076803

Date Received: 2-11-19

Date Due: 3-28-19

Grievance Code: 624

Investigator ID: 0282

Extension Date: _____

Date Retd to Offender: MAR 6 [?] 2019

Offender Name: Samuel Hopkins          TDCJ # 1986831

Unit: Telford          Housing Assignment: 12-C-37

Unit where incident occurred: Telford

---

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? Medical Complaints Coordinator & Dr Gordon   When? 2/1/19 & 1/30/19

What was their response? TDCJ does not allow me to receive individualized treatment based on my needs

What action was taken? Necessary beneficial treatment was withheld.

---

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

The WPATH Standards of Care (SOC) provide the standards for the treatment of individuals with Gender Dysphoria (GD). These standards have been accepted by every major medical association in the world including the American Medical Association, the American Psychiatric Association, the American Psychological Association, and the World Health Organization. Per the SOC, these standards apply in their entirety to institutional settings such as prisons.

The SOC outlines 4 treatment options; (1) Changes in gender expression and role, (2) Hormone Therapy, (3) Surgery, and (4) Psychotherapy. For purposes such as exploring gender identity, role, and expression... These treatment options are designed to be coordinated together based on the individual needs. Per the SOC "...[S] or others, changes in gender role and expression are sufficient to alleviate gender dysphoria. Some patients may need hormones, a possible change in gender role, but not surgery, others may need... In other words, treatment for gender dysphoria has become more individualized".

I saw Dr Gordon at the GD clinic in Galveston on 1/30/2019. Per our discussion she's only allowed to treat GD with Hormone therapy options. She would like to help me with additional treatment such as gender role and expression but is not allowed to do so (the very first treatment option in the SOC) but is not allowed to do so. I contacted the Medical Complaints Coordinator at the Telford Unit who confirmed this understanding. TDCJ Policies and Actions have prevented me from receiving individual treatment.

It has already been noted in my medical record in the past that I would benefit from such care (gender role and expression congruent with my gender identity) in addition to the care I do receive. I am suffering and asking for additional care.

cc

---

Action Requested to resolve your Complaint:
To receive care reccommended regarding gender expression (see 10/30/18), to be evaluated for and receive additional care as needed.

Offender Signature: _Samul Hopkins_   Date: _2/7/2019_

Grievance Response:

Electronic medical record review indicates you have been afforded access to care regarding your Gender Dysphoria. Medical does not have purview over security clothing and hair guidelines and you will need to address those issues with the unit TDCJ Administrator.

Signature Authority: _Cathy M Peak, P.M. Sr._   Date: _3-5-19_

Cathy McPeak
P.M., Sr.

If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.

Returned because:       *Resubmit this form when the corrections are made.

☐ 1.  Grievable time period has expired.
☐ 2.  Submission in excess of 1 every 7 days.  *
☐ 3.  Originals not submitted.  *
☐ 4.  Inappropriate/Excessive attachments.  *
☐ 5.  No documented attempt at informal resolution.  *
☐ 6.  No requested relief is stated.  *
☐ 7.  Malicious use of vulgar, indecent, or physically threatening language.  *
☐ 8.  The issue presented is not grievable.
☐ 9.  Redundant, Refer to grievance #_____
☐ 10. Illegible/Incomprehensible.  *
☐ 11. Inappropriate.  *

UGI Printed Name/Signature: _____

Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.

Medical Signature Authority:_____

I-127 Back (Revised 11-2010)

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | UGI Initials:_____ |
| Grievance #: _____ | |
| Screening Criteria Used: _____ | |
| Date Recd from Offender: _____ | |
| Date Returned to Offender: _____ | |

APR 1 0 2019



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER
GRIEVANCE FORM**

OFFICE USE ONLY

Grievance #: 2019076803

UGI Recd Date: MAR 1 4 2019

HQ Recd Date: MAR 1 8 2019

Date Due: 04-28

Grievance Code: 624

Investigator ID#: I0352

Extension Date: _____

Offender Name: Samuel Hopkins     TDCJ # 1986831

Unit: Telford     Housing Assignment: 12-6-37

Unit where incident occurred: Telford & John Sealy (Galveston)

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**     *I am dissatisfied with the response at Step 1 because...*

The wording of the Step 1 still applies, in response to it's response I answer here. Under Texas Statutes, Title 4 Executive Branch, Subtitle 6 Corrections. Sec 501.004 it states; "The department may allow inmates to wear underwear not furnished by the department". Under Texas Govt Code §§ 493.001, .004, .006(b), 494.001-002, 507.001-006; BP-02.08 "Statement of Internal Controls"; "Policy; The Texas Department of Criminal Justice (TDCJ) shall establish grooming standards for offenders and ensure compliance of resources related to security, safety, and sanitation. The only exceptions shall be due to a documented medical or religious issue." From AD-6.07, Section V(5) "The judgement of health care professionals regarding health related conditions takes precedence over unit operations." Under CMHC Policy Manual #A-03.1 "Medical Autonomy" it states; "Decisions and actions regarding health care services provided to offenders are the sole responsibility of qualified health care personnel and not compromised for security reasons or countermanded by non-clinicians"; and; "at the facility level any security policies or practices that contradict direct medical orders should be addressed by the responsible facility authority (TTUHSC management team, UTMB) and the facility administrator or his/her designee."

It would appear that per Texas Statutes I can be permitted to receive some aspects of the care that the professionals said would be beneficial, "female garb and grooming". Again this falls to medical and not to security as indicated in the Step 1 response. Any conflicts with security would be addressed by medical per policy, not by me.

The issue at the heart of this however is that there seems to be a blanket ban on the treatment options for gender dysphoria other than hormones. Specifically blanket bans on Gender Role and Expression and surgery. The specialists hands are tied regarding anything other than hormones, preventing individualized treatment based upon our needs. This is exactly

I-128 Front (Revised 11-2010)     **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**     (OVER)

Appendix G

What I am facing in regards to my treatment. Please see the Step 1 for that information

(cc) Copy retained
Attached: Grievance 2019076803

**Offender Signature:** Samuel Hopkins          **Date:** 3/11/2019

**Grievance Response:**

In your Step 1 medical grievance, you stated you are not receiving appropriate treatment for your Gender Dysphoria by not receiving not receiving individualized treatment options. You are requesting to receive care recommended regarding gender expression and to be evaluated for and receive additional care.

Review of the health record reveals documentation to support the response at Step 1. Further review shows you continue to be followed by the mental health department concerning your Gender Dysphoria. As stated in the Step 1 response, any issues you may have concerning clothing, hair length, or your request for makeup should be addressed with the warden at your unit of assignment, as these issues do not fall under the purview of the medical department. Review of the documentation shows you have received appropriate medical and mental health treatment in accordance with Correctional Managed Health Care Policy E-37.1.

You are advised to submit a Sick Call Request if you feel your physical or mental condition has changed to warrant further evaluation.

STEP II MEDICAL GRIEVANCE PROGRAM
OFFICE OF PROFESSIONAL STANDARDS
**Signature Authority:** TDCJ HEALTH SERVICES DIVISION          **Date:** 3/20/19

**Returned because:**   *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

I-128 Back (Revised 11-2010)

**OFFICE USE ONLY**

**Initial Submission**          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: ____ 1

**2nd Submission**          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission**          CGO Initials: _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) ____ Screened ____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

Appendix G



# Texas Department of Criminal Justice

# STEP 2    OFFENDER GRIEVANCE FORM

SEPT 11 2019

**OFFICE USE ONLY**

Grievance #: 2019125319

UGI Recd Date: 06-19-19

HQ Recd Date: JUN 20 2019

Date Due: 07-28

Grievance Code: 508

Investigator ID#: 12448

Extension Date: 9-6

**Offender Name:** Samuel Hopkins    **TDCJ #** 1986831

**Unit:** Telford CX    **Housing Assignment:** 12-C-37 (12C-81)

**Unit where incident occurred:** Telford

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

---

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

I am transgender and diagnosed with gender dysphoria. TDCJ medical has asked that I address my concerns with security. TDCJ medical staff and administration are well aware that treatment of this condition is a serious medical need and inadequate treatment jeopardizes an individual's physical health and mental well being. Medical has noted that I would benefit from some elements of "gender role and expression", the first treatment option listed in the Standards of Care (SOC) the accepted treatment standards for gender dysphoria. Failure to provide treatment in accord with need places persons with gender dysphoria at substantial risk of serious harm that includes depression, anxiety, mental impairment, physical self-harm, and suicide. Refusal to provide treatment in spite of being aware of the serious harm caused by the failure to treat indicates deliberate indifference to a serious medical need, a possible violation of the Eighth Amendment's prohibition of cruel and unusual punishment.

Staff at Telford Unit have denied my request for gender role and expression. Specifically I have been denied posession of panties and the ability to grow my hair to the length allowed other women on women's units and this is a denial of an essential part of my gender role and expression. As a documented transgender female I am requesting to wear the same clothing and follow the same policy that a cisgender woman would be allowed to follow.

Medical has advised me to speak with security and/or the warden of my unit. I contacted all three wardens on my unit and no one has responded. I filed the Step 1 and was unsuccesful in my attempts to recieve important elements of gender role and expression.

McConnell Unit has allowed 3 inmates to grow their hair and it can be done here. Panties create no issue and could be issued just like the bras are. What I am asking for can be done and isn't unreasonable. In addition it would stop the forced masculinization that causes me a great

---

**I-128 Front** (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

deal of distress and has resulted in the substantial risk of serious harm listed in the first

paragraph, all of which have been documented in my record as a result of the forced masculiniz

-zation and denial of gender role and expression congruent with my gender identity.

CC

---

**Offender Signature:** _Samuel Hopkins_                **Date:** 6/14/2019

**Grievance Response:**

Your Step 2 grievance has been investigated by this office.  You were appropriately advised at
Step 1 level.  Please refer to that response.  No further action is warranted.

Offender Signature:                                         Date:

Grievance Response:

---

**Signature Authority:**   B. BARNETT   _BBarnett_          **Date:** 8-26-19

| Returned because:   *Resubmit this form when corrections are made.* | OFFICE USE ONLY |
|---|---|
| ☐ 1. **Grievable time period has expired.** | Initial Submission _____ CGO Initials: _____ |
| ☐ 2. **Illegible/Incomprehensible.*** | Date UGI Rec'd: _____ |
| ☐ 3. **Originals not submitted. *** | Date CGO Rec'd: _____ |
| ☐ 4. **Inappropriate/Excessive attachments.*** | (check one) _____ Screened _____ Improperly Submitted |
| ☐ 5. **Malicious use of vulgar, indecent, or physically threatening language.** | Comments: _____ |
| ☐ 6. **Inappropriate.*** | Date Returned to Offender: _____ |

2nd Submission _____ CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) _____ Screened _____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

3rd Submission _____ CGO Initials: _____

Date UGI Rec'd: _____

Date CGO Rec'd: _____

(check one) _____ Screened _____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**I-128 Back** (Revised 11-2010)                **Appendix G**

AUG 15 2019

12C 81



# Texas Department of Criminal Justice

# STEP 2    OFFENDER GRIEVANCE FORM

**Offender Name:** Samuel Hopkins    **TDCJ #** 1986831

**Unit:** Telford    **Housing Assignment:** 12-C-37 /2F 81

**Unit where incident occurred:** Telford

| OFFICE USE ONLY |
| --- |
| Grievance #: 2019094320 |
| UGI Recd Date: APR 17 2019 |
| HQ Recd Date: APR 22 2019 |
| Date Due: 05-27 |
| Grievance Code: 512 |
| Investigator ID#: 11312 |
| Extension Date: |

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

The statement that I made in the Step 1 still stands. Per Texas Gov't Code § 501.004 "The department may allow inmates to wear underwear not furnished by the department." My panties were not issued by the department but were handmade 1 year ago. While Mrs. Hughes may not recall the seizure of my panties I have little doubt that Sgt. Shaw does. Regarding Hughes, upon arrival at the unit Mrs. Hughes discovered 3 pairs of panties in my bra bag. I did explain that I am a partial-op Transwoman with medical recommendations for them. She said that she would speak to medical about it and since "medical" consisted of one employee with only a roster of incoming inmates the results were as expected. Sgt. Shaw was a different story altogether. We had extensive interaction that night. The entire top row 12-C-36 to 12-C42 was sent to the dayroom in boxers, I wore shorts and a bra. In the dayroom he pointed at my chest and asked "what is that" referring to to my bra. I said it was a bra. He asked if they sold that on commissary (implying contraband), I explained that "no, they issue them to me because I have breasts". He ordered me to get a t-shirt. I complied. He then supervised the ransacking of my house. He asked how many bras inmates were allowed to have, then accused me of lying, telling me that I can get in big trouble for lying to an officer. He loudly mocked my conservative briefs when they were found calling them a thong to the entire section, whereupon I loudly demanded confiscation papers. I said that they were not a thong, said that I have medical recommendations for them and that I'm suing for trans rights. I had to be calmed down by 12-C-41 and 12-C-42 as I was manic by this point. I was yelling for a minute or two about my panties. When the shakedown was finished he repeated my cell number and said he would provide me with confiscation papers. No papers were provided and now it appears that Sgt. Shaw is denying the whole incident.

In both cases officers were within their rights to seize my panties but by law they could also have allowed me to retain them. There was a choice. Both officers were informed that I have gender dysphoria and have medical recommendations for them. Sgt. Shaw displayed derision and maliciousness showing deliberate indifference to my medical needs. Panties have created no threat to security, have been rather unremarkable until I came to this unit where the officers keep confiscating them. As it helps me with my gender dysphoria I will of course replace them. It bothers no inmates, as a woman in fact it is expected. Forced masculinization is bizarre and

I-128 Front (Revised 11-2010)    **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**    (OVER)

Appendix G

cruel, it is a form of punishment not inflicted on cisgendered females, only to the transgender ones. It causes distress to many transgender inmates like myself. In this case it is clearly a choice as the law permits the department to allow us to wear underwear not furnished by the department yet the department is nonetheless seizing them.

(cc)

**Offender Signature:** _Samuel Hopkins_      **Date:** _4/15/19_

**Grievance Response:**

An investigation was conducted into your request. Inventories reviewed do not reveal panties. Unless these items are specifically assigned to you as are the bras, they will not be allowed. No further action is warranted.

**Signature Authority:** _T. PHILLIPS_      **Date:** _7·1·19_

**Returned because:** *Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

| OFFICE USE ONLY | |
|---|---|
| Initial Submission | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ___Screened ___Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| 2nd Submission | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ___Screened ___Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |
| 3rd Submission | CGO Initials: _____ |
| Date UGI Recd: _____ | |
| Date CGO Recd: _____ | |
| (check one) ___Screened ___Improperly Submitted | |
| Comments: _____ | |
| Date Returned to Offender: _____ | |

I-128 Back (Revised 11-2010)      Appendix G



**Texas Department of Criminal Justice**

# STEP 2

**OFFENDER GRIEVANCE FORM**

<table>
<tr><td colspan="2">**OFFICE USE ONLY**</td></tr>
<tr><td>Grievance #:</td><td>2019 11799</td></tr>
<tr><td></td><td>JUN 21 2019</td></tr>
<tr><td>UGI Recd Date:</td><td></td></tr>
<tr><td>HQ Recd Date:</td><td>JUN 28 2019</td></tr>
<tr><td>Date Due:</td><td>08-07</td></tr>
<tr><td>Grievance Code:</td><td>500</td></tr>
<tr><td>Investigator ID#:</td><td>10742 12704</td></tr>
<tr><td>Extension Date:</td><td>9-16</td></tr>
</table>

Offender Name: Samuel Hopkins          TDCJ # 1986831

Unit: Telford (CY)     Housing Assignment: 12-C-37

Unit where incident occurred: Telford        12C-81

---

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).**    *I am dissatisfied with the response at Step 1 because...*

As I stated to Sgt. Oakes the issue is forced masculinization or alternatively restriction on gender role and expression. As I stated in the Step 1, my hair was in compliance. As I explained to Sgt Oakes the individuals targetted that day were all transgender, we tend to wear our hair longer, Sgt Raggs just happened to be the one cracking down on us but really it could have been anyone. I do not know if his actions were motivated by animus or not. The issue boils down to the first and last paragraph of the Step 1. Please note that my hair was in compliance when I was forced to cut it and that I am complying with stated grooming policy. However please note that forced masculinization is causing me extreme distress. It has resulted in suicidal ideation and self mutilation all of which mental health is aware of. On the day of my forced haircut I was able to get help from mental health but ultimately it did result in self injury. Sgt Oakes is correct in that I am actively trying to get the issue of gender role and expression resolved. I have medical recommendations that have not resulted in any accommodations and have been pushed back onto having me, not medical, address this with security. I have attempted to do so, even going so far as to contact all 3 wardens on my unit. They did not respond. As far as I can tell no one has actually looked into even the possibility of accommodating my medical needs.

Longer hair has presented no security issues on female units, apparently isn't being used to smuggle contraband or is easily searchable. The largest prison system in the country outside of Texas, the Federal Bureau of Prisons, has had no issues with longer hair and has been able to allowing hair of any length since at least 1996. What is going on here is that TDCJ has decided to rigidly enforce gender stereotypes and not permit gender role and expression for the transgender female inmates such as myself. This has resulted in psychological harm as well as actual physical harm.

---

I-128 Front (Revised 11-2010)      **YOUR SIGNATURE IS REQUIRED ON BACK OF THIS FORM**      (OVER)

Appendix G

CC Copy retained.

**Offender Signature:** _Daniel Hopkins_          **Date:** 6/15/2019

**Grievance Response:**

Step 1 addressed your concerns. Offender Orientation Handbook, page 12, male offenders shall keep their hair trimmed up the back of their neck and head. Hair shall be neatly cut. Hair shall be cut around the ears. Sideburns shall not extend below the middle of the ears. No block style, afro, or shag haircuts shall be permitted. No fad or extreme hairstyles/haircuts are allowed. No mohawks, tails, or designs cut into the hair are allowed. No further action warranted.

**Signature Authority:** _V Baul_          **Date:** 9-10-19

**Returned because:**     ***Resubmit this form when corrections are made.***

☑ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

**CGO Staff Signature:** _____

**OFFICE USE ONLY**

**Initial Submission** _____ **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) _____ Screened _____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**2nd Submission** _____ **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) _____ Screened _____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

**3rd Submission** _____ **CGO Initials:** _____

Date UGI Recd: _____

Date CGO Recd: _____

(check one) _____ Screened _____ Improperly Submitted

Comments: _____

Date Returned to Offender: _____

I-128 Back (Revised 11-2010)          **Appendix G**

ATTACHMENT TO SECTION IV PARTIES TO THIS SUIT

Defendnat #5; Ben Raimer, M.D. - CMHCC Member
UTMB, 301 University Blvd, Galveston, TX 77555
He is violating my Eighth Amendment rights guaranteed by the U.S. Constitution

Defendant #6; Cynthia Jumper, M.D. - CMHCC Member
UTMB, 301 University Blvd, Galveston, TX 77555
She is violating my Eighth Amendment rights guaranteed by the U.S. Constituion

Defendant #7; Erin Wyrick - CMHCC Member
UTMB, 301 University Blvd, Galveston, TX 77555
They are violating my Eighth Amendment rights guaranteed by the U.S. Constitution

Defendant #8; Preston Johnson, Jr. - CMHCC Member
UTMB, 301 University Blvd, Galveston, TX 77555
He is violating my Eighth Amendment rights guaranteed by the U.S. Constitution

Defendant #9;F. Parker Hudson III, M.D. - CMHCC Member
UTMB, 301 University Blvd, Galveston, TX 77555
He is violating my Eighth Amendment rights guaranteed by the U.S. Constitution

Defendant #10; John Burmusa, M.D. - CMHCC Member
UTMB, 301 University Blvd, Galveston, TX 77555
He is violating my Eighth Amendment rights guaranteed by the U.S. Constituion

Defendant #11; Kelly Garcia - CMHCC Member
UTMB, 301 University Blvd, Galveston, TX 77555
She is violating my Eighth Amendment rights guaranteed by the U.S. Constitution

V.     STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

See Attached.

VI.     RELIEF:

State briefly exactly what you want the court to do for you.    Make no legal arguments.  Cite no cases or statutes.

See Attached.

VII.    GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Lilly Anne Hopkins, Samuel Thomas Hopkins, Sugar Bear, Sammi

B. List all TDCJ-CID identificaiton numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

#1986831

VIII.   SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES  __X__NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1.  Court that imposed sanctions (if federal, give the district and division): _____

2.  Case number: _____

3.  Approximate date sanctions were imposed: _____

4.  Have the sanctions been lifted or otherwise satisfied?                    ____YES  ____NO

Rev. 05/15

ATTACHMENT TO SECTION V STATEMENT OF CLAIM

Plaintiff Lilly Anne Hopkins, legal name Samuel Hopkins TDCJ #1986831, is an incarcerated male-to-female transsexual/transgender individual. She has had permanent and irreversible changes to her body as part of her transition and is living to the fullest extent possible as a woman. Respectively she requests the court, and the parties to this action, to use female pronouns in referencing her. Both of the gender specialists treating her have also acknowledged her as a transgender female and have adopted the use of female pronouns.

Plaintiff Lilly Anne Hopkins has been diagnosed with Gender Dysphoria (GD), previously known as Gender Identity Disorder (GID). GD is a condition related to clinically significant distress caused by a discrepancy between a person's gender identity (internal sense of whether one is male or female) and sex assigned at birth (and the associated gender role and/or primary or secondary sex characteristics). GD, if left untreated, can result in clinically significant psychological distress, dysfunction, debilitating depression, and for some suicidality and death.

From the summer of 2003 until the time of her incarceration in December of 2012 the plaintiff lived part time as a woman. In jail and initially in prison the plaintiff attempted to hide her transgender status but could not stand the intense distress of not treating her condition, ultimately leading to an exceptional number of suicide attempts before finally deciding to get help. In January of 2016 she sought Hormone Replacement Therapy (HRT). She sought help multiple times but was unsuccessful when parties involved refused to make the appropriate referrals and assist her. The consequences of lack of initiation of hormones when medically necessary include a high likelihood of negative outcomes such as surgical self-treatment by autocastration, depressed mood, dysphoria and or suicidality. In March of 2016 plaintiff planned for and successfully castrated herself. The plaintiff was sent to a mental health unit following the incident and it was there that she informed them that she would likely kill herself within the year. Three months later plaintiff attempted suicide by slitting her throat and severing her jugular veins, she was life flighted. She still had not received care for her GD at this point.

In December of 2016 plaintiff began receiving HRT to treat her GD. Plaintff's hope for living at this point was to live as a woman, she could no longer endure the thought of living as a man. Plaintiff then and to this point has been treated in accordance with Correctional Managed Health Care (CMHC) Policy G-51.11 "TREATMENT OF OFFENDERS WITH INTERSEX CONDITIONS OR GENDER DYSPHORIA FORMALLY KNOWN AS GENDER IDENTITY DISORDER" which is established by the Correctional Managed Health Care Committee (CMHCC). G-51.11 provides for one treatment option, and one treatment option only for GD, HRT. There is in effect a blanket ban on all other treatment options regardless of an individual's needs.

Beginning in 2018 and continuing to present the GD specialists have noted self-harm, self-mutilation, and suicidal ideation in patient regarding her gender role and expression and have noted that patient would benefit from longer hair and female garb. But the GD specialists are not allowed to provide this care which is the very first treatment option listed in the Standards of Care (SOC) put out by the World Professional Association of Transgender Health (WPATH). The SOC represents the generally accepted standards of care in treating GD and is even referenced in Policy G-51.11. This significant distress, self-harm, self-mutilation, and suicidal ideation noted by the gender specialists have been brought to the attention of Dr. Joseph Penn, head of TDCJ Psychiatry, who directly oversees the GD specialists. The GD specialists have noted that plaintiff would benefit from longer hair and female garb but by policy are not able to provide this care. They have also noted increased dysphoria, distress, and suicidal ideation related to forced masculinization but again are unable to prevent this by allowing the plaintiff female gender role and expression. They are prevented by CMHC policy and by TDCJ policy.

Defendant Lorie Davis has control and influence over the clothing and grooming standards. The grooming standards that are being forced on plaintiff are male

grooming standards, hair cut up the back of the neck and around the ears and kept short. The clothing issued to the plaintiff is male clothing only with the excption of a sports bra as the plaintiff has breasts. The plaintiff endures forced masculine gender expression through clothing and grooming.

TDCJ has female grooming standards and female clothing items that if applied to plaintiff's care would allow her to receive the beneficial treatment that the GD specialists believe would help plaintiff, but the plaintiff has not been granted an exception. Furthermore the medical policies and institutional policies prevent the specialists from providing needed care based upon the plaintiff's individual needs, not because the care isn't necessary, but because of policy. The GD specialists and Dr. Penn are aware that the imposition of male clothing and grooming eradicates plaintiff's female gender role and expression causing extreme distress and placing her at a substantial risk of serious harm. This has been documented consistently from 2018 to present.

ATTACHMENT TO SECTION VI RELIEF

Plaintiff seeks an injunction ordering TDCJ to permit plaintiff the use of female grooming standards.

Plaintiff seeks an injunction ordering TDCJ to provide plaintiff with and allow the use of all clothing approved for and provided to female inmates within TDCJ.

Plaintiff seeks a declaratory judgement and injunction ordering the UTMB Dr's and gender specialists to provide plaintiff with individualized care based upon her specific needs for treatment of Gender Dysphoria.

Plaintiff seeks a declaratory judgement and injunction ordering CMHCC, UTMB, and TDCJ to craft and implement a new version of Policy G-51.11 that will provide for individualized treatment of Gender Dysphoria based upon patients' needs.

Plaintiff seeks costs of suit.

Plaintiff seeks any other relief which the court deems appropriate.

C. Has any court ever warned or notified you that sanctions could be imposed?  _____ YES  X  NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that issued warning (if federal, give the district and division): _____

    2. Case number: _____

    3. Approximate date warning was issued: _____

Executed on: _12/11/2019_
          DATE

              Lilly Anne Hopkins aka Samuel Hopkins

             *Lilly Anne Hopkins aka Samuel Hopkins*
                (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from brining an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _eleventh_ day of _December_, 20 _19_.
          (Day)            (month)        (year)

              Lilly Anne Hopkins aka Samuel Hopkins

             *Lilly Anne Hopkins aka Samuel Hopkins*
                (Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15



Eddy Allen Hopkins and
Samuel Hopkins #00906837
Connally Unit
899 FM 632
Kenedy, TX 78119

United States Courts
Southern District of Texas
FILED

DEC 26 2019

David J. Bradley, Clerk of Court

– Legal Mail –

Clerk
United States District Court
Southern District of Texas
P.O. Box 61010
Houston, TX 77208