IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Lilly Anne Hopkins, aka | § | |
| Samuel Hopkins, TDCJ # 198683 | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. No. 4:19-cv-5041 |
| | § | |
| Bobby Lumpkin, et al., | § | |
| *Defendants* | § | |

---

### DEFENDANT LUMPKIN'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

---

Defendant Bobby Lumpkin (Lumpkin) respectfully requests that this Court dismiss Plaintiff Hopkins' Complaint against him. Dkt. No. 48. Hopkins fails to state a cognizable legal claim against Lumpkin, thus requiring dismissal under Federal Rule of Civil Procedure 12(b)(6).

### I.    STATEMENT OF THE CASE

Plaintiff Lilly Anne Hopkins, a transgender male-to-female inmate, was housed at the Texas Department of Criminal Justice (TDCJ) at the Connally Unit at times relevant to this lawsuit. Dkt No. 48. Hopkins brought this civil action pursuant to 42 U.S.C. §1983 against Lumpkin and other TDCJ and University of Texas Medical Branch (UTMB) officials alleging they were and are being deliberately indifferent by not providing Hopkins with medically necessary treatment for gender dysphoria, "including by denying her hair-length, makeup, and clothing accommodations." Dkt. No. 48 at 3, 18-19.

Lumpkin is the Director of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID). Hopkins' limited allegations against Lumpkin include that he is "responsible for ensuring the provision of constitutionally adequate medical care for all people in the custody of TDCJ-CID, including those requiring treatment for gender dysphoria. Lumpkin

sets policies which are relied on by Connally Unit security to deny Plaintiff's requests for constitutionally adequate care, including access to female grooming standards and garb." Dkt. No. 48 at 6.

For relief, Hopkins seeks to compel all Defendants through declaratory and injunctive relief to provide Hopkins with "access to makeup, female clothing, and female grooming standards, including access to feminine hairstyles." Dkt. No. 48 at 20. Hopkins sued Lumpkin in his official capacity only. Dkt. No. 48 at 6.

## II. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A party is entitled to dismissal under Rule 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 662 at 678 (citing *Twombly*, 550 U.S. at 556). Thus, while the complaint need not contain "detailed factual allegations," it must go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 679.

### A. Plaintiff fails to state a claim for deliberate indifference against Lumpkin.

Deliberate indifference is a stringent standard of fault, requiring the defendant to disregard a known or obvious consequence of his actions. *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Rather, to establish deliberate indifference, a plaintiff must show that that the defendant (1) was aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; (2) subjectively drew the inference that the risk existed; and (3) disregarded the risk. *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837(1994)) (internal quotations and citations omitted).

Plaintiff fails to allege that Lumpkin disregarded a significant risk of serious harm. This requires the prisoner to state specific facts establishing that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir.2006) (internal citations omitted).

Courts have repeatedly held that rejecting the kind of nonmedical treatment forming the basis of Hopkins' Complaint does not rise to the level of an Eighth Amendment violation. *See Campbell v. Kallas*, 936 F.3d 536, 549 (7th Cir. 2019) ("[O]ur cases offer no indication that denying arguably nonmedical cosmetic accommodations [to transgender inmates] violates the Eighth Amendment"). Denial of a transgender inmate's request "to grow out her hair, use makeup, and wear female undergarments," does not constitute deliberate indifference, as medical and security implications underlie such denials. *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1272, 1275 (11th Cir. 2020) (stating that when medical experts disagree about medical treatment,

courts recognize the "wide-ranging deference" given to prison administrators. Under such a standard, denial of the requested accommodations does not rise to the level of an Eighth Amendment violation). Moreover, courts have found that inmates have no such entitlement to have these items of their choosing. *See Murray v. U.S. Bureau of Prisons*, 106 F.3d 401 (6th Cir. 1997) (per curiam) (rejecting an Eighth Amendment claim by a transgender inmate based on denial of makeup and female hygiene products, since "[c]osmetic products are not among the minimal civilized measure of life's necessities").

Because courts have found that transgender inmates do not have the right to "to grow out [their] hair, use makeup, and wear female undergarments," due to underlying security implications in the prison setting and because cosmetic products are not among the minimal civilized measures of life's necessities, Hopkins' claim that she is not being allowed those items does not rise to the level of deliberate indifference. As such, Hopkins' deliberate indifference claim fails to state a cognizable constitutional claim as a matter of law and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B. Plaintiff does not allege which policy is unconstitutional or how Lumpkin was involved in creation or implementation of the policy.

Even if the Court finds that Hopkins has alleged conduct amounting to deliberate indifference, the claim fails because Hopkins has not alleged what policy is unconstitutional or how Lumpkin was involved in the creation or implementation of the policy. A supervisory official is not liable for the acts of his subordinates unless: (1) he affirmatively participated in an act that caused a constitutional deprivation; or (2) he implemented an unconstitutional policy that resulted in injury to the plaintiff. *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992) (citing *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987)). Plaintiff must claim personal

involvement or implementation of an unconstitutional policy in order for Defendant to be liable under section 1983. Otherwise, supervisors "are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins*, 828 F.2d at 303.

Further, vague and non-specific allegations of wrongdoing are insufficient to support a section 1983 claim. *See Sias v. Louisiana*, 146 F. App'x 719, 720 (5th Cir. 2005) (holding that vague and conclusory allegations provide an insufficient basis for section 1983 claims); *Richards v. Johnson*, 115 F. App'x 677, 678 (5th Cir. 2004) (same); *Lloyd v. Jones*, No. 9:18-CV-211, 2019 WL 4786874, at *6 (E.D. Tex. Sept. 10, 2019) (quoting *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010)) ("The Court does not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.'"), *report and recommendation adopted*, 2019 WL 4747850 (E.D. Tex. Sept. 27, 2019)

Here, Hopkins alleges no facts demonstrating what policy is unconstitutional or that Lumpkin created or implemented an unconstitutional policy that resulted in injury. Hopkins only provided the conclusory allegation that, "[a]s Director of TDCJ-CID, Lumpkin is responsible for ensuring the provision of constitutionally adequate medical care for all people in the custody of TDCJ-CID, including those requiring treatment for gender dysphoria. Lumpkin sets policies which are relied on by Connally Unit security to deny Plaintiff's requests for constitutionally adequate care, including access to female grooming standards and garb." Dkt. No. 48 at 6. Hopkins fails to identify the policy allegedly implemented by Lumpkin that Hopkins claims is unconstitutional. *Davis v. United States*, 358 Fed. Appx. 537, 539 (5th Cir. 2009) (stating that dismissal is proper when plaintiff fails to identify the deficient policy giving rise to a section 1983 claim). Further, as described above, Hopkins does not have a constitutional right to wear female garb; therefore,

any "grooming policy" requiring short hair and prohibiting makeup or female undergarments in a male prison is not unconstitutional. Since Hopkins states mere conclusory allegations as to Lumpkin's involvement in this case and fails to identify the specific unconstitutional policy allegedly implemented by Lumpkin, Hopkins' claim against Lumpkin should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* FED. R. CIV. P. 12(b)(6).

## CONCLUSION

Therefore, because Hopkins has not established that it is a violation of her constitutional rights to deny her the ability to grow out her hair, use makeup, and wear female undergarments, given the medical and security implications present against the backdrop of the prison environment; because she has not plead what specific policy is unconstitutional; and she has failed to provide more than conclusory allegations to support that Lumpkin had any involvement in the creation or implementation of an unconstitutional policy, Lumpkin respectfully requests that this Court grant his motion and dismiss Hopkins' claim against him.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

/s/*Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General
Texas State Bar No. 24074047
Christin.Vasquez@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9996 (fax)

**ATTORNEYS FOR DEFENDANT LUMPKIN**

<u>**NOTICE OF ELECTRONIC FILING**</u>

I, CHRISTIN COBE VASQUEZ, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true and correct copy of the foregoing in accordance with the Electronic Case Files System of the Southern District of Texas, on November 18, 2021.

/s/ *Christin Cobe Vasquez*
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General

**C**ERTIFICATE **O**F **S**ERVICE

I, **C**HRISTIN **C**OBE **V**ASQUEZ, Assistant Attorney General of Texas, do hereby certify that a true

and correct copy of the above and foregoing has been served by email on November 18, 2021,

addressed to:

Sarah E Jack
Fish & Richardson P.C.
3200 RBC Plaza
60 South Sixth Street
Minneapolis, MN 55402
612-335-5070
jack@fr.com

Savannah Kumar
ACLU Foundation of Texas, Inc.
5225 Katy Freeway
Suite 350
Houston, TX 77007
713-942-8146
skumar@aclutx.org

Adriana Pinon
American Civil Liberties Union of Texas
PO Box 8306
Houston, TX 77288
713-942-8146 Ext 111
apinon@aclutx.org

Andre Ivan Segura
ACLU of Texas
5225 Katy Freeway
Suite 350
Houston, TX 77007
713-942-8146
asegura@aclutx.org

Brian Klosterboer
ACLU of Texas
PO Box 8306
Houston, TX 77288
713-942-8146
bklosterboer@aclutx.org

Danielle Joy Healey
Fish Richardson PC
1221 McKinney St
Ste 2800
Houston, TX 77010
713-654-5300
healey@fr.com

Jayme Partridge
Fish & Richardson P.C.
1221 McKinney Street
Suite 2800
Houston, TX 77010
713-654-5357
Partridge@fr.com

/s/ Christin Cobe Vasquez
**CHRISTIN COBE VASQUEZ**
Assistant Attorney General

8