# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| LILLY ANNE HOPKINS, aka | § | |
| SAMUEL HOPKINS, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Civil No. 4:19-CV-05041 |
| BOBBY LUMPKIN, et al., | § | |
| | § | |
| Defendants. | § | |


# PLAINTIFF'S RESPONSE TO
# DEFENDANTS' MOTIONS TO DISMISS

## **TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................................................1

II     STANDARD OF REVIEW ........................................................................3

III.   ARGUMENT ............................................................................................3

     A.   The Complaint States a Claim on Which Relief May be Granted ........3

          1.   The Complaint Adequately Alleges Deliberate Indifference in Violation of the Eighth Amendment ..........................................3

          2.   Defendants' Factual Arguments Are Inappropriate at this Stage and Do Not Warrant Dismissal of Ms. Hopkins's Complaint ....5

          3.   The Cases Defendants Cite Are Distinguishable ........................6

     B.   The Statute of Limitations Has Not Yet Begun to Run and Certainly Did Not Expire Before Ms. Hopkins Filed Suit ...................................8

          1.   Defendants Are Continually Violating Ms. Hopkins's Eighth Amendment Rights .....................................................................8

          2.   Ms. Hopkins's Claim Could Not Have Accrued Before October 2018 .............................................................................................11

     C.   Defendant Lumpkin Is a Proper Defendant ........................................12

     D.   Defendant Linthicum Has Been Properly Served ...............................14

IV.   CONCLUSION ..........................................................................................15

## TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................3

*Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*,
    522 U.S. 192 (1997)................................................................................11

*Campbell v. Kallas*,
    936 F.3d 536 (7th Cir. 2019) ...............................................................6

*Carlucci v. Chapa*,
    884 F.3d 534 (5th Cir. 2018) ...........................................................4, 5

*DePaola v. Clarke*,
    884 F.3d 481 (4th Cir. 2018) ...............................................................9

*Edmo v. Corizon, Inc.*,
    935 F.3d 757 (9th Cir. 2019) ...............................................................7

*Elmenayer v. ABF Freight Systems*,
    318 F.3d 130 (2d Cir. 2003) ...............................................................10

*Estelle v. Gamble*,
    429 U.S. 97 (1976).............................................................................3, 4

*Gibson v. Collier*,
    920 F.3d 212 (5th Cir. 2019) ...............................................................7

*Hafer v. Melo*,
    502 U.S. 21 (1991)...............................................................................13

*Heard v. Sheahan*,
    253 F.3d 316 (7th Cir. 2001) ...............................................................9

*Hearn v. McCraw*,
    856 F. App'x 493 (5th Cir. 2021) ........................................................8

*Hinojosa v. Livingston*,
    807 F.3d 657 (5th Cir. 2015) ...............................................................5

*Keohane v. Fla. Dep't of Corr. Sec'y,*
  952 F.3d 1257 (11th Cir. 2020) ...................................................................6, 7

*Lavellee v. Listi,*
  611 F.2d 1129 (5th Cir. 1980) ..............................................................9

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,*
  594 F.3d 383 (5th Cir. 2010) ...............................................................3

*Monroe v. Baldwin,*
  424 F. Supp. 3d 526 (S.D. Ill. 2019).....................................................7

*Mouille v. City of Live Oak,*
  977 F.2d 924 (5th Cir. 1992) ...............................................................13

*Murray v. U.S. Bureau of Prisons,*
  106 F.3d 401 (6th Cir. 1997) ...............................................................6

*Neel v. Rehberg,*
  577 F.2d 262 (5th Cir. 1978) ...............................................................8

*Nottingham v. Richardson,*
  499 F. App'x 368 (5th Cir. 2012) .........................................................9

*Parkell v. Danberg,*
  833 F.3d 313 (3d Cir. 2016) .................................................................14

*Perez v. Fenoglio,*
  792 F.3d 768 (7th Cir. 2015) ...............................................................5

*Piotrowski v. City of Houston,*
  237 F.3d 567 (5th Cir. 2001) ...............................................................8

*Roth v. Jennings,*
  489 F.3d 499 (2d Cir. 2007) .................................................................6

*Spivey v. Robertson,*
  197 F.3d 772 (5th Cir. 1999) ...............................................................5

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.,*
  551 U.S. 308 (2007)..............................................................................13

**Statutes**

42 U.S.C. § 1983 .................................................................................4, 8

**Other Authorities**

Federal Rule of Civil Procedure 4(m) .......................................................14

Federal Rule of Civil Procedure 12 ................................................*passim*

Plaintiff responds to Defendants' Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6).  Dkt. 57, 58, 59, 60, 64.  Defendants do not meet the high standard under Rule 12(b)(6) for dismissal of Plaintiff's Second Amended Complaint (Dkt. 48).  Defendants' Motions to Dismiss should be denied.

## I.   INTRODUCTION

Plaintiff Lilly Anne Hopkins is a transgender woman in the custody of the Texas Department of Criminal Justice ("TDCJ").  As described in the complaint, Ms. Hopkins experiences severe gender dysphoria, for which she receives inadequate medical treatment from TDCJ.  Specifically, Defendants have denied Ms. Hopkins access to medical care that her TDCJ Gender Specialists have opined is medically necessary: the ability to dress and groom herself as a woman.

Defendants are aware that Ms. Hopkins's Gender Specialists have recommended that she be allowed to grow out her hair—as most women in TDCJ are already allowed to do—to mitigate the severe effects of gender dysphoria. TDCJ Gender Specialists informed Defendants that Ms. Hopkins would suffer severe distress and a heightened risk of suicide due to inadequate gender dysphoria treatment, specifically not being permitted to express her gender through dress and grooming.  Dkt. 48 at ¶¶ 41–45.  Yet Defendants have consistently denied Ms. Hopkins's medical care against the advice of TDCJ Gender Specialists.  As a

result, Defendants have been and continue to be deliberately indifferent to Ms. Hopkins's serious medical needs in violation of the Eighth Amendment.

Defendants do not raise any cognizable challenge to the sufficiency of the complaint. First, Defendants rely on improper factual allegations and distinguishable case law to claim that the medical treatment Ms. Hopkins is seeking (and that TDCJ's own Gender Specialists have recommended) is not medically necessary. This argument, though false, is inappropriate at the motion to dismiss stage, where all plausible allegations in the complaint must be construed in favor of the Plaintiff.

Second, Defendants' statute of limitations argument is wrong. Defendants continue to deny Ms. Hopkins medical treatment, so the statute of limitations on her Eighth Amendment claim for injunctive relief has not yet begun to run under the continuing violation doctrine. In addition, the complaint alleges that the formal denials of Ms. Hopkins's medically necessary care against the advice of TDCJ Gender Specialists took place between October 2018 and February 2020. Dkt. 48 at ¶¶ 41–49. Thus, Ms. Hopkins's December 2019 filing of this case was within the two-year statute of limitations.

For all these reasons and as explained in detail below, the Court should deny Defendants' Motions to Dismiss.

2

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action

for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P.

12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible if the complaint

contains "factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  The

Court's task at the motion to dismiss stage is thus to "determine whether the

plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the

plaintiff's likelihood of success."  *Lone Star Fund V (U.S.), L.P. v. Barclays Bank

PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## III.   ARGUMENT

### A.    The Complaint States a Claim on Which Relief May be Granted

#### 1.    The Complaint Adequately Alleges Deliberate Indifference in Violation of the Eighth Amendment

"[D]eliberate indifference to serious medical needs of prisoners constitutes

the unnecessary and wanton infliction of pain proscribed by the Eighth

Amendment."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Such deliberate

indifference, regardless whether inflicted by prison medical professionals, officials, or guards, states a cause of action under 42 U.S.C. § 1983. *See id.* at 104-05.

To state a claim for deliberate indifference under the Eighth Amendment, Ms. Hopkins must allege two elements: (1) that she has a serious medical need that exposes her to a substantial risk of harm and (2) that prison officials were and are deliberately indifferent to that need. *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018). Ms. Hopkins's complaint meets both of these requirements.

Defendants do not dispute that Ms. Hopkins has sufficiently alleged the first element of her deliberate indifference claim: that her gender dysphoria is a serious medical need. *See* Dkt. 57, 58, 60, 64. Indeed, there can be no question that Ms. Hopkins's gender dysphoria is serious: Ms. Hopkins was first diagnosed in late 2016 while in TDCJ custody, following her auto-castration and suicide attempt. Dkt. 48 at ¶¶ 32-34. At no time since has TDCJ provided constitutionally adequate treatment for Ms. Hopkins's severe gender dysphoria, which has resulted in severe stress, anxiety, self-harm, suicidality, and continued surgical self-treatment, including a recent attempted auto-penectomy. *Id.* at ¶¶ 49, 56-57.

Ms. Hopkins has also sufficiently alleged the second element: deliberate indifference by Defendants to her serious medical need. The complaint alleges that in late 2018, TDCJ Gender Specialists, consistent with the medical standards of care, recommended that Ms. Hopkins be permitted to dress and groom herself as a

4

woman to help alleviate her serious and life-threatening gender dysphoria.  *See*

Dkt. 48 at ¶¶ 20-24, 41-45.  TDCJ refused to provide the medically recommended

treatment and Ms. Hopkins formally grieved the issue through TDCJ's grievance

process.  *See id.* at ¶¶ 46-48.  Defendants received the grievances, reviewed the

recommendations from the TDCJ Gender Specialists, and again refused to provide

the medically necessary treatment.  *Id.*  The complaint thus establishes Defendants'

deliberate indifference.  *See Hinojosa v. Livingston*, 807 F.3d 657, 667 (5th Cir.

2015) ("These allegations, if true, would establish that Defendants were aware of

facts from which the inference could be drawn that a substantial risk of serious

harm exists, and . . . also dr[ew] the inference.") (quotation marks omitted); *see*

*also Perez v. Fenoglio*, 792 F.3d 768, 778 (7th Cir. 2015) ("[T]hat a prison official

refused to follow the advice of a medical specialist for a non-medical reason may

. . . constitute deliberate indifference.").

### 2. Defendants' Factual Arguments Are Inappropriate at this Stage and Do Not Warrant Dismissal of Ms. Hopkins's Complaint

Defendants argue that "security implications" preclude Ms. Hopkins's

requested relief and that "cosmetic products are not among the minimal civilized

measures of life's necessities."  *See*, *e.g.*, Dkt. 57 at 4.  These arguments rest on

highly disputed factual assumptions and are not appropriate for resolution on

motion to dismiss.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999);

*Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("[A] ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact.").  Moreover, the complaint adequately alleges that social transitioning, including by being able to dress and groom in accordance with one's gender, is a medical treatment for gender dysphoria.  Dkt. 48 at ¶¶ 18-24.  And it further alleges that Ms. Hopkins's TDCJ Gender Specialists have recommended such treatment.  *Id.* at ¶ 41.  The Court should thus reject Defendants' invitation to resolve factual issues in Defendants' favor at this stage of the proceeding.

### 3.    The Cases Defendants Cite Are Distinguishable

The cases Defendants rely on to argue that denial of adequate gender dysphoria treatment is not deliberate indifference are not relevant at this stage of the case.  Defendants do not cite a *single* gender dysphoria case dismissing a complaint at this stage.  *See*, *e.g.*, *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1263 (11th Cir. 2020) (appeal following bench trial); *Campbell v. Kallas*, 936 F.3d 536, 549 (7th Cir. 2019) (appeal following summary judgment of no qualified immunity); *Murray v. U.S. Bureau of Prisons*, 106 F.3d 401 (6th Cir. 1997) (table) (appeal following summary judgment and bench trial).  Even if they were appropriate to consider, contrary to Defendants' position, these cases *do not* establish that denying a transgender person access to gender-affirming grooming standards does not constitute deliberate indifference to a serious medical need.

The Eleventh Circuit in *Keohane*, for example, considered at length the factual underpinnings surrounding the medical necessity of the plaintiff's request to adhere to female grooming standards. 952 F.3d at 1277. Based on medical opinions and other evidence, the court concluded that the requested additional treatment for the plaintiff's gender dysphoria was not medically necessary *in that case*. *Id.*

Unlike *Keohane*, in this case and at the motion to dismiss stage, there can be no split in opinion or conflicting evidence surrounding Ms. Hopkins's contention that access to female dress and grooming standards is medically necessary. The case law fully supports such a claim. *See, e.g., Gibson v. Collier,* 920 F.3d 212, 221 (5th Cir. 2019) (recognizing transgender plaintiffs' right to receive constitutionally adequate medical treatment under the Eighth Amendment); *Edmo v. Corizon, Inc.*, 935 F.3d 757, 793 (9th Cir. 2019) (finding prison officials deliberately indifferent to a transgender plaintiff's medical needs); *Monroe v. Baldwin*, 424 F. Supp. 3d 526, 545 (S.D. Ill. 2019) (denial of access to social transitioning, such as dress and grooming, establishes likelihood of success of deliberate indifference claim for preliminary injunction).

Given the early posture of this case, the key inquiry is whether Ms. Hopkins has adequately alleged both a serious medical need and that Defendants denied her adequate care. As explained above, she undoubtedly has.

**B.     The Statute of Limitations Has Not Yet Begun to Run and Certainly Did Not Expire Before Ms. Hopkins Filed Suit**

The statute of limitations for § 1983 claims is borrowed from state law.  In Texas, the applicable statute of limitations is two years.  *Hearn v. McCraw*, 856 F. App'x 493, 495 (5th Cir. 2021).  Accrual of a cause of action is, however, governed by federal law.  *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

Because Defendants are continually violating Ms. Hopkins's constitutional rights, the continuing violation doctrine precludes her complaint from being time-barred.  But even if the statute of limitations were applied to this case, the conduct giving rise to Ms. Hopkins's claim of deliberate indifference occurred well within the two-year time limit from when she filed suit.

**1.     Defendants Are Continually Violating Ms. Hopkins's Eighth Amendment Rights**

Because Defendants continue to deny Ms. Hopkins adequate medical care responsive to her gender dysphoria diagnosis in violation of the Eighth Amendment, the statute of limitations has not yet begun to run.  Under established law, the continuing violation doctrine prevents claims from becoming untimely when a violation of someone's constitutional rights remains active and ongoing. *See Neel v. Rehberg*, 577 F.2d 262, 263-64 (5th Cir. 1978) (denial of medically necessary treatment is a continuing wrong such that the statute of limitations is

continually renewed); *see also Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) ("Every day that they prolonged [the plaintiff's] agony by not treating [the] condition marked a fresh infliction of punishment that caused the statute of limitations to start running anew.").  The statute of limitations, therefore, does not begin to run on such a claim "until the date medical attention is provided." *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980); *see also DePaola v. Clarke*, 884 F.3d 481, 487 (4th Cir. 2018) ("The statute of limitations does not begin to run on such a claim for a continuing violation of a prisoner's Eighth Amendment rights until the date, if any, on which adequate treatment was provided."  (citing *Lavellee*, 611 F.2d at 1132)).

Defendants' statute of limitations arguments ignore the continuing violation doctrine and treat the harm Defendants are causing to Ms. Hopkins as a thing of the past.  *See*, *e.g.*, Dkt. 58 at 5-6.  But the complaint plainly alleges that Defendants continue to deny Ms. Hopkins medically necessary treatment, beginning in October 2018 when her Gender Specialists specifically recommended such treatment, Dkt. 48 at ¶ 41-49, and onward to today.  As recently as 2021, TDCJ Gender Specialists documented that Ms. Hopkins is at "a particularly high risk for suicide" due to the continued stress of being denied access to female grooming standards.  *Id.* at ¶ 45.  Her claims to cure this continuing violation therefore cannot be time-barred.  *See Nottingham v. Richardson,* 499 F. App'x 368,

375 (5th Cir. 2012) (statute of limitations does not run on claims for deliberate indifference when medical treatment is being continuously denied).

Defendant Penn's motion to dismiss doubles down on Defendants' incorrect application of the law, arguing that there is no continuing violation here because additional "reports" do not renew the statute of limitations.  Dkt. 64 at 5-6.  As support, he cites two cases addressing Fair Credit Reporting Act claims and one addressing a Title IV employment discrimination claim.  *See id.* at 6.  Those cases, which each consider the timing of discreet acts made significant by a statutory regime, are inapplicable to the analysis for the continuing constitutional violation at issue in this case.

Furthermore, Defendant Penn's reliance on *Elmenayer v. ABF Freight Systems*, 318 F.3d 130, 134-35 (2d Cir. 2003), to argue the statute of limitations has run is misplaced.  The court in *Elmenayer* discusses in detail the distinction between acts that constitute a continuing violation versus those that each individually give rise to a new claim.  Contrary to Defendant Penn's characterization, the *Elmenayer* court explains that each unlawful act gives rise to its own separate claim, with its own unique statute of limitations.  *See id.*  Thus, even under Defendant Penn's argument that the continuing violation doctrine is inapplicable, this case survives because pursuant to *Elmenayer,* the continued,

discrete actions of Defendant Penn[1] and the other Defendants each individually

give rise to a new claim for deliberate indifference under the Eighth Amendment.

### 2. Ms. Hopkins's Claim Could Not Have Accrued Before October 2018

A federal cause of action accrues when a "plaintiff has a complete and

present cause of action" or when a plaintiff "can file suit and obtain relief." *Bay*

*Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S.

192, 201 (1997).  Although Defendants agree with this standard, they fail to

explain how the complaint establishes that the statute of limitations began to run in

2016 under the standard.

It is clear from the complaint that accrual of Ms. Hopkins's claim was, at the

earliest, on October 30, 2018.  On that date, Kayli Dozier Joachim, NP, one of

TDCJ's Gender Specialists, recommended that Ms. Hopkins could benefit from

being allowed to express herself as a woman through dress and grooming.  *See*

Dkt. 48 at ¶ 41.  Thereafter, Ms. Hopkins sought to obtain this recommended

medical care from Defendants through TDCJ's internal grievance process, but her

requests were repeatedly denied.  *Id.* at ¶¶ 46-49.  Given the elements of the cause

of action, Ms. Hopkins's Eighth Amendment deliberate indifference claim was not

---

[1] As Defendant Penn acknowledges, the complaint alleges that he specifically
denied Ms. Hopkins gender-affirming care in January 2019 and February 2020.
Dkt. 64 at 6 (quoting Dkt. 48 at ¶ 13).

actionable until at least October 2018 when the TDCJ Gender Specialist made a

recommendation about Ms. Hopkins's medical care and Ms. Hopkins submitted

grievances in repeated attempts to obtain this care from TDCJ.

Defendants' motions confuse the cause of action with the requested relief in

arguing that the statute of limitations has expired.  *See*, *e.g.*, Dkt. 58 at 5-6.  The

indisputable fact that Ms. Hopkins has at no point during her residency at TDCJ

facilities been allowed access to female grooming standards (Dkt. 48 at ¶ 36) does

not, by itself, state an Eighth Amendment Claim.  As discussed above, an Eighth

Amendment deliberate indifference claim arises only upon prison officials acting

with deliberate indifference to a serious medical need.  Thus, Ms. Hopkins's claim

arose only after her medical providers recommended that she socially transition

and the Defendants denied such medically necessary treatment, which occurred no

earlier than October 2018.  Thus, Defendants' contention that the statute of

limitations has expired fails.[2]

## C.    Defendant Lumpkin Is a Proper Defendant

Defendant Lumpkin raises an additional argument that he is an improper

defendant because the complaint does not allege that he is directly causing Plaintiff

---

[2]  Plaintiff also notes that Defendant Lumpkin's "Supplemental Motion to
Dismiss" raising the statute of limitations for the first time is procedurally
improper and filed too late under Federal Rule of Civil Procedure 12(g)(2).
Defendant Lumpkin filed a motion to dismiss on the deadline set by the Court,
Dkt. 57, and his subsequent "supplemental" filing, Dkt. 59, contravenes this rule.

harm.  In making this argument, Defendant Lumpkin relies on case law regarding

municipal liability to assert that the Plaintiff must specify a particular

"unconstitutional policy or custom."  Dkt. 57 at 4–6.  But this requirement applies

only to claims against *municipal or local governmental officials* when sued in an

official capacity.  *See*, *e.g.*, *Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir.

1992).  When a *state official* is sued in his official capacity for his direct conduct,

such as here, the standard is whether an official policy of the governmental entity

"*played a part* in the violation of federal law."  *Hafer v. Melo*, 502 U.S. 21, 25

(1991).  The complaint meets this standard.

Ms. Hopkins has sufficiently alleged that an official policy put in place by

Defendant Lumpkin played a part in Defendant Lumpkin's deliberate indifference

to Ms. Hopkins's serious medical need.  Dkt. 48 at ¶ 11.  Specifically, the

complaint cites and discusses TDCJ's Offender Orientation Handbook,[3] which

contains TDCJ's policies on dress and grooming.  *See id.* at ¶ 35.  The Offender

Orientation Handbook states on its cover that it is "Approved" by "Director of the

---

[3] The TDCJ Offender Orientation Handbook (available at https://www.tdcj.texas.
gov/documents/Offender_Orientation_Handbook_English.pdf) is properly
considered part of the complaint. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551
U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well
as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions
to dismiss, in particular, documents incorporated into the complaint by reference,
and matters of which a court may take judicial notice.").

Correctional Institutions Division," *i.e.*, Defendant Lumpkin.  Thus, the grooming standards applicable to Ms. Hopkins are directly traceable to Defendant Lumpkin, who has clear authority to implement prospective injunctive relief in this case.  *See Parkell v. Danberg*, 833 F.3d 313, 332 (3d Cir. 2016) (in an official capacity suit for prospective relief the proper defendant is one who can respond to an injunction).

The complaint further alleges that Defendant Lumpkin is aware of Ms. Hopkins's serious medical need for additional gender dysphoria treatment and has been deliberately indifferent in denying her such treatment.  *Id.* at ¶¶ 55-56.  The grooming policy specifically adopted by Defendant Lumpkin, in combination with the allegations in the complaint which must be accepted as true, are sufficient to withstand dismissal for failure to state a claim as to Defendant Lumpkin.

### D.   Defendant Linthicum Has Been Properly Served

Defendant Linthicum contends that the Court-ordered service by the U.S. Marshals was deficient under Texas Law.  Dkt. 58 at 6.  Specifically, she argues that service was unsuccessful because someone else signed the certified mail return receipt.  *Id.*  To resolve any doubt as to the adequacy of service of Defendant Linthicum, Plaintiff had Ms. Linthicum personally served via process server on December 14, 2021.  Dkt. 67.  Such service was within 90 days of the September 29, 2021, filing of the complaint, as required by Federal Rule of Civil Procedure

4(m).  Thus, Defendant Linthicum's motion to dismiss on this ground should be denied.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Defendants' motions in their entirety.  Dkt. 57, 58, 59, 60, 64.  To the extent that the Court grants Defendants' motions, in whole or in part, Plaintiff submits and requests such dismissal should be without prejudice and with leave to amend.

Dated:  January 14, 2022                    **FISH & RICHARDSON P.C.**

By: */s/ Jayme Partridge*
            Danielle J. Healey
            Texas State Bar No. 09327980
            Fed. ID No. 000035021
            healey@fr.com
            Jayme Partridge
            Texas State Bar No. 17132060
            Fed. ID No. 19621
            partridge@fr.com
            **FISH & RICHARDSON P C.**
            1221 McKinney Street, Suite 2800
            Houston, Texas 77010
            Telephone: 713-654-5300
            Fax: 713-652-0109

            Sarah E. Jack (*pro hac vice*)
            Minnesota State Bar No. 0400118
            jack@fr.com
            **FISH & RICHARDSON P.C.**
            3200 RBC Plaza
            60 South 6th Street
            Minneapolis, Minnesota 55412
            Telephone: 612-335-5070
            Fax: 612-288-9696

15

Brian Klosterboer
Texas State Bar No. 24107833
S.D. Tex. 3314357
bklosterboer@aclutx.org
Savannah Kumar
(*pro hac vice*)
Texas State Bar No. 24120098
skumar@aclutx.org
Adriana Piñon
Texas State Bar No. 24089768
S.D. Tex. 1829959
apinon@aclutx.org
Andre Segura
Texas State Bar No. 24107112
S.D. Tex. 3123385
asegura@aclutx.org
**AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF TEXAS, INC.**
5225 Katy Fwy., Suite 350
Houston, Texas 77007
Telephone: 713-942-8146
Fax: 713-942-8966

*Counsel for Plaintiff Lilly Anne Hopkins,
aka Samuel Hopkins, TDCJ #1986831*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on this 14th day of January 2022 via CM/ECF.

*/s/ Jayme Partridge*
Jayme Partridge