IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LILLY ANNE HOPKINS, AKA<br>SAMUEL HOPKINS, TDCJ #1986831<br>*Plaintiff,*<br><br>v.<br><br>BOBBY LUMPKIN, et al.,<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:19-CV-5041 |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS**

Defendants Bobby Lumpkin, Lannette Linthicum, Roger Boyd, Phonso Rayford, Pamela Wagner, and Joseph Penn (collectively, "Defendants") file this Reply to Plaintiff's Response to Defendants' Motions to Dismiss:

**I.
STATEMENT OF THE CASE**

Plaintiff Lilly Anne Hopkins, filed suit pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth Amendment, claiming that Defendants were deliberately indifferent to Hopkins' serious medical needs. Specifically, Hopkins claims Defendants failed to provide Hopkins with medically necessary treatment for gender dysphoria, "including by denying her hair-length, makeup, and clothing accommodations." ECF No. 48 at 3, 18 ¶ 55. Hopkins seeks to compel all Defendants through declaratory and injunctive relief to provide Hopkins with "access to makeup, female clothing, and female grooming standards, including access to feminine hairstyles." ECF No. 48 at 20 ¶ 60(b).

In response to Hopkins' amended complaint, Defendants moved for dismissal under Federal Rule of Civil Procedure Rule 12. *See* ECF Nos. 57, 58, 59, 60, 64. Hopkins filed a response to Defendants' motions on January 14, 2022. ECF No. 68. Defendants now offer the following reply to Hopkins' response.

1

## II.
## REPLY

**A. Hopkins fails to state a claim upon which relief can be granted.**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While courts must accept all factual allegations as true, they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679.

### 1. Hopkins fails to satisfy the deliberate indifference standard.

Here, Hopkins fails to allege facts that rise to the level of a constitutional violation when viewed under the standard required to state a claim for deliberate indifference. Hopkins alleges that Defendants acted with deliberate indifference because they did not provide Hopkins' desired treatment. *See* ECF No. 68 at 4-5.

While the Court is required to accept Hopkins' allegations that Defendants refused to provide Hopkins' desired treatment, the Court is not required to accept Hopkins' legal conclusion that these allegations are sufficient to state a claim for deliberate indifference. As Defendants have pointed out, "[d]eliberate indifference is an extremely high standard to meet." *Cadena v. El Paso Cty.*, 946 F.3d 717, 728 (5th Cir. 2020). Hopkins acknowledges in the second amended complaint that Hopkins has been treated for gender dysphoria, receiving hormone replacement therapy since December of 2016. ECF No. 48 at 14 ¶ 36. Hopkins disagrees with the method of treatment, requesting to be allowed to dress and groom as a female. However, mere disagreement with medical treatment is not deliberate

indifference. *Rogers v. Boatright*, 709 F.3d 403, 410 (5th Cir. 2013). "There is no Eighth Amendment claim just because an inmate believes that 'medical personnel should have attempted different diagnostic measures or alternative methods of treatment.'" *Gibson v. Collier*, 920 F.3d 212, 221 (5th Cir. 2019) *(quoting Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997))

While Hopkins alleges Defendants should have provided alternative methods of treatment in that Hopkins should have been allowed to dress and groom as a female, Hopkins admits to being in contact with various medical professionals and receiving treatment for gender dysphoria. ECF No. 48 at 14 ¶ 36. Hopkins' disagreement with the method of treatment does not rise to the level of deliberate indifference. As such, to the extent that Hopkins' claims rely on a disagreement regarding medical treatment, Hopkins' fails to state a claim for deliberate indifference.

**2. Hopkins' claims for injunctive relief based on TDCJ and CMHC policy against Defendants Boyd, Rayford, Wagner, and Penn, and Lumpkin and Linthicum, to the extent relief is sought outside their authority, fail for lack of Article III standing.**

Although Hopkins seeks injunctive relief from each Defendant, Hopkins states in the response that only one Defendant approves of TDCJ policies on dress and grooming. ECF No. 68 at 13-14; *see also* TDCJ's Offender Orientation Handbook, *Introduction*. Further, Hopkins contends that only one Defendant promulgates CMHC policy. *See generally*, ECF No. 48. Defendants Boyd, Rayford, Wagner, and Penn, as well as Lumpkin and Linthicum, to the extent Hopkins seeks relief outside their authority, lack the ability to approve TDCJ or CMHC policy.

Specifically, Article III standing is a component of subject matter jurisdiction. *See Cobb v. Cent. States*, 461 F.3d 632, 635 (5th Cir. 2006). The plaintiff always has the burden to establish standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To establish standing, the plaintiff must satisfy three elements: (1) injury in fact, (2) causation, and (3) redressability. *Bennett v. Spear*, 520 U.S. 154, 167 (1997). To meet the "redressability" prong of the standing inquiry, the plaintiff must show that it is likely, "as opposed to merely speculative, that the injury will be redressed by a favorable

3

decision." *Lujan*, 504 U.S. at 561. That is, the defendant must have authority to provide the requested relief. *See McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013) ("[Plaintiff] does not have standing to pursue injunctive relief because [defendant] is without authority to redress his injuries."); *Volk v. Gonzales*, 207 F.3d 657, 657 (5th Cir. 2000) (vacating award of injunctive relief where "[n]either defendant in [the] action had the power to effect the court's directives"); *Okpalobi v. Foster*, 244 F.3d 405, 426-27, 431 (5th Cir. 2001) (concluding that the plaintiffs failed to demonstrate standing to obtain injunctive relief where defendants lacked authority and had "no power to redress the asserted injuries").

Here, Hopkins' alleged harms are psychological and self-harm. ECF No. 48 at 16 ¶ 49. To redress that harm, Hopkins seeks an injunction "directing Defendants to provide Plaintiff with access to makeup, female clothing, and female grooming standards, including access to feminine hairstyles." ECF No. 68 at 20. Hopkins requests a policy change. While Hopkins observes that "[t]he Offender Orientation Handbook states on its cover that it is 'Approved' by 'Director of the Correctional Institutions Division,'" Hopkins seeks injunctive relief from Defendants Linthicum, Boyd, Rayford, Wagner, and Penn, who have no authority to alter TDCJ policy. ECF No. 68 at 12-13. Further, Defendants Lumpkin, Boyd, Rayford, Wagner, and Penn do not have the authority to alter CMHC policy. As such, Defendants do not have the authority to redress Hopkins' alleged injury, negating Hopkins' standing. *See Okpalobi*, 244 F.3d at 425-27.

Accordingly, Hopkins' claims for injunctive relief against Boyd, Rayford, Wagner, and Penn, as well as Lumpkin and Linthicum, to the extent Hopkins seeks relief outside their authority, should be dismissed for lack of Article III standing.

## III.
## CONCLUSION

Hopkins fails to allege deliberate indifference to a serious medical need. Further, Hopkins' claims against Defendants Boyd, Rayford, Wagner, and Penn, and Lumpkin and Linthicum, to the

4

extent Hopkins seeks relief outside their authority, fail for lack of standing. As such, Defendants request that this Court grant their motion to dismiss with prejudice, all claims against them.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ JACOB E. PRZADA
**JACOB E. PRZADA**
Attorney-In-Charge
Assistant Attorney General
Texas State Bar No. 24125371
Southern District I.D. No. 3725701

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9814
jacob.przada@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

## NOTICE OF ELECTRONIC FILING

I, **JACOB E. PRZADA**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above **Defendants' Reply to Plaintiff's Response to Defendants' Motions to Dismiss** in accordance with the Electronic Case Files System of the Southern District of Texas on January 28, 2022.

/s/ JACOB E. PRZADA
**JACOB E. PRZADA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **JACOB E. PRZADA**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above **Defendants' Reply to Plaintiff's Response to Defendants' Motions to Dismiss** has been served on all counsel of record by the Electronic Case Files System of the Southern District of Texas on January 28, 2022.

/s/ JACOB E. PRZADA
**JACOB E. PRZADA**
Assistant Attorney General
