# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LILLY ANNE HOPKINS, aka SAMUEL HOPKINS, | § § § | |
| Plaintiff | § § § | |
| v. | § § | Civil No. 4:19-CV-05041 |
| BOBBY LUMPKIN, et al., | § § § | |
| Defendants. | § | |

**PLAINTIFF'S SURREPLY TO
DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff submits this Surreply in response to Defendants' newly raised arguments in their Reply Brief (Dkt. 71) in support of the Motions to Dismiss (Dkt. 57, 58, 59, 60, 64). For the reasons stated below, and in Plaintiff's Response Brief (Dkt. 68), the Motions to Dismiss should be denied.

**I.     Plaintiff States a Valid Eighth Amendment Claim**

The Eighth Amendment prohibits prison officials from "intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). "Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 105. The Fifth Circuit recognizes Eighth Amendment claims where plaintiffs have alleged that prison officials "refused to treat [them], ignored [their] complaints, intentionally

treated [them] incorrectly, or engaged in *any similar conduct* that would clearly evince a wanton disregard for *any* serious medical needs." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985) (emphases added). The Fifth Circuit allows claims to proceed where a plaintiff is "not alleging mere disagreement with the course of treatment [a defendant] provided" but rather alleging the defendant's failure "to follow a prescribed course of treatment." *Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006).

Defendants assert that Ms. Hopkins merely disagrees with the course of treatment that TDCJ has provided her, but they fail to mention a critical aspect of her claim: Defendants have deliberately ignored the course of treatment advised by TDCJ's own Gender Specialists. These Gender Specialists informed Defendants that Ms. Hopkins would benefit significantly from access to female dress and grooming to treat the severe effects of her gender dysphoria. Dkt. 48 at ¶¶ 20-24, 41-45. The Gender Specialists documented Ms. Hopkins's self-harm and high risk for suicide as directly related to the denial of necessary treatment consisting of access to female dress and grooming. *Id.* at ¶ 45. Defendants have willfully ignored the Gender Specialists' guidance and the applicable standards of medical care to deprive Ms. Hopkins of necessary treatment. *Id.* at ¶¶ 44-49. This states a valid claim for deliberate indifference. *See Delaughter v. Woodall*, 909 F.3d 130, 138 (5th Cir. 2018) (allowing claim for injunctive relief to proceed

against prison officials who ignored the course of treatment recommended by a medical specialist).

## II. Plaintiff Has Article III Standing As To Each Defendant

Defendants Boyd, Rayford, Wagner, Penn, Lumpkin, and Linthicum each assert that they have no ability to redress Plaintiff's claim for failure to provide constitutionally adequate medical care. Dkt. 71 at 3. In making this argument, Defendants misrepresent the nature of the relief Ms. Hopkins is seeking to limit it to only a "policy change." *Id.* at 4.[1] While a policy change might be one way to redress Ms. Hopkins's injury, it is not the only approach. *See* Dkt. 48 at ¶ 60. A policy change without actual enforcement or provision of medical care would not, moreover, fully redress Ms. Hopkins's injury.

Ms. Hopkins's Second Amended Complaint clearly states how each Defendant has been deliberately indifferent to her medical needs and plays a role in denying the medical care she requires. Dkt. 48 at ¶¶ 8-14. Under established law, wardens and medical providers who are responsible for the provision or denial of

---

[1] The cases Defendants cite are inapplicable and distinguishable from the facts in this case. Dkt. 71 at 4 (citing *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013) (injury not redressable by a prison employee because he no longer worked for TDCJ); *Volk v. Gonzales*, 207 F.3d 657 (5th Cir. 2000) (determining which defendant had the specific authority "to expunge disciplinary cases, restore custodial classification, and restore lost good-time credits"); *Okpalobi v. Foster*, 244 F.3d 405, 427 (5th Cir. 2001) (finding that the governor and attorney general could not enforce state law governing private lawsuits)).

medical care are proper defendants for claims of deliberate indifference. *See, e.g., Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994) (authorizing injunctive relief in Eighth Amendment cases against any "prison official"). Here, Plaintiff has Article III standing as to each Defendant.

Respectfully submitted,

Dated: February 3, 2022                    **FISH & RICHARDSON P.C.**

By: */s/ Jayme Partridge*
Danielle J. Healey
Texas State Bar No. 09327980
Fed. ID No. 000035021
healey@fr.com
Jayme Partridge
Texas State Bar No. 17132060
Fed. ID No. 19621
partridge@fr.com
**FISH & RICHARDSON P C.**
1221 McKinney Street, Suite 2800
Houston, Texas 77010
Telephone: 713-654-5300
Fax: 713-652-0109

Sarah E. Jack (*pro hac vice*)
Minnesota State Bar No. 0400118
jack@fr.com
**FISH & RICHARDSON P.C.**
3200 RBC Plaza
60 South 6th Street
Minneapolis, Minnesota 55412
Telephone: 612-335-5070
Fax: 612-288-9696

Brian Klosterboer
Texas State Bar No. 24107833
S.D. Tex. 3314357

4

bklosterboer@aclutx.org
Savannah Kumar
(*pro hac vice*)
Texas State Bar No. 24120098
skumar@aclutx.org
Adriana Piñon
Texas State Bar No. 24089768
S.D. Tex. 1829959
apinon@aclutx.org
Andre Segura
Texas State Bar No. 24107112
S.D. Tex. 3123385
asegura@aclutx.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF TEXAS, INC.**
5225 Katy Fwy., Suite 350
Houston, Texas 77007
Telephone: 713-942-8146
Fax: 713-942-8966

*Counsel for Plaintiff Lilly Anne Hopkins, aka Samuel Hopkins, TDCJ #1986831*

Case 4:19-cv-05541 Document 251 Filed on 02/07/22 in TXSD Page 6 of 6