United States District Court
Southern District of Texas
**ENTERED**
April 20, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LILLY ANNE HOPKINS, a/k/a | § | |
| SAMUEL HOPKINS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-5041 |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTIONS TO DISMISS

Plaintiff Lilly Anne Hopkins, a/k/a Samuel Hopkins, has filed a Second

Amended Civil Rights Complaint under 42 U.S.C. § 1983, against several officials

of the Texas Department of Criminal Justice (TDCJ).  (Dkt. 48).  She[1] sues Bobby

Lumpkin, in his official capacity as Director of the TDCJ Correctional Institutions

Division (TDCJ-CID);[2] Dr. Lannette Linthicum, in her official capacity as Director

of the TDCJ Health Services Division; Dr. Joseph Penn, in his official capacity as

Director of Mental Health Services at the University of Texas Medical Branch

---

[1]Hopkins refers to herself using feminine pronouns and has asked the Court to do so as well.  (Dkt. 1, p. 18).  The Court will refer to Hopkins using her preferred pronouns.

[2]Hopkins originally named Lorie Davis as a defendant in her official capacity as the Director of TDCJ-CID.  Since Hopkins's complaint was filed, Bobby Lumpkin has succeeded Lorie Davis as the Director of TDCJ-CID.  Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Lumpkin "is automatically substituted as a party."

(UTMB) Correctional Managed Care; Phonso Rayford, in his official capacity as Senior Warden of the Connally Unit of TDCJ; Roger Boyd, in his official capacity as Assistant Warden of the Connally Unit of TDCJ; Calvin Davis, in his official capacity as Assistant Warden of the Connally Unit of TDCJ;[3] and Pamela Wagner, in her official capacity as a Nurse Practitioner at the Connally Unit of TDCJ.[4]  (*Id.* at 2-3).  Hopkins contends that each defendant has been deliberately indifferent to her serious medical needs.  (*Id.* at 3).  The defendants filed individual motions to dismiss the complaint, (Dkts. 57, 58, 59, 60, 64); Hopkins filed a joint response, (Dkt. 68); the defendants filed a joint reply, (Dkt. 71); and Hopkins, with leave of court, filed a surreply.  (Dkt. 75).  After considering the pleadings, all matters of record, and the applicable law, the Court concludes that the motions will be denied for the reasons explained below.

---

[3]Defendant Davis has not yet been served in this case, and the time in which to do so has expired.  *See* FED. R. CIV. P. 4(m).

[4]Hopkins originally named as defendants each member of the TDCJ Correctional Managed Health Care Committee (CMHCC).  (Dkt. 1, pp. 3, 16).  These defendants were voluntarily dismissed when Hopkins failed to name them as parties in her Second Amended Complaint.  *See Portillo v. Cunningham*, 872 F.3d 728, 736 (5th Cir. 2017) ("[A]n amended petition [ ] supersedes all prior petitions and operates to dismiss parties and causes of action to the extent they are omitted from the amended pleading." (quoting *J.M. Huber Corp. v. Santa Fe Energy Res., Inc.*, 871 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.] 1994, pet. denied))).

I.     **BACKGROUND**

Hopkins is a transgender woman who suffers from gender dysphoria.  (Dkt. 48, p. 8).  She was diagnosed in October 2016, and she began hormone replacement therapy later that year.  (Dkt. 48, pp. 14-15).

In October 2018, a TDCJ Gender Dysphoria Specialist, Nurse Practitioner Kayli Dozier Joachim, recommended that Hopkins be permitted "to express self as female" due to the "severe distress" Hopkins was suffering.  (*Id.* at 16).  Based on Joachim's recommendation for this type of treatment as medically necessary, Hopkins sought accommodations from the TDCJ grooming and clothing policies through the prison's medical grievance process.  (*Id.* at 16-17).  Despite Hopkins having a medical recommendation for specific treatment to relieve her psychological symptoms, health care administrators denied her grievances because "medical has no control of the policies set forth by TDCJ regarding hair growth and panties." (*Id.* at 17).

Upon being told that TDCJ health care administrators could not grant accommodations from TDCJ's grooming and clothing policies, Hopkins filed grievances with prison administrators seeking administrative accommodations from the grooming and clothing policies based on the treatment recommendation from TDCJ's Gender Dysphoria Specialist.  (*Id.*)  These administrative grievances were also denied.  (*Id.*).  As a result of the denial of her requests for accommodations,

Hopkins has suffered continued severe mental distress, which has resulted in her engaging in self-harm.  (*Id.*).

Hopkins brings this action, alleging that the defendants have failed to provide her with necessary and medically recommended treatment for her gender dysphoria and that they have been deliberately indifferent to her need for accommodations from the dress and grooming policies to properly treat her condition.  (*Id.* at 18).  She alleges that the defendants actions have resulted in an Eighth Amendment violation because they are refusing to provide her with treatment that TDCJ's own Gender Dysphoria Specialist has recommended as medically necessary for her psychological health.  (*Id.* at 16).  She seeks a declaratory judgment and a permanent injunction directing each of the defendants in their official capacities to provide her "with access to makeup, female clothing, and female grooming standards, including access to feminine hairstyles."  (*Id.* at 19-20).

The defendants have moved to dismiss the complaint under Rule 12(b) of the Federal Rules of Civil Procedure.  (Dkts. 57, 58, 59, 60, 64, 71).  Hopkins has responded to their defenses, contending that the allegations of her complaint are sufficient to withstand the motions to dismiss.  (Dkts. 68, 75).

## II.   **DISCUSSION**

In their individual motions to dismiss, the defendants each sought the dismissal of Hopkins's complaint under Rule 12(b)(6) on two grounds: she has failed

to state a claim upon which relief can be granted, and her claims are barred by the statute of limitations.  Defendant Linthicum also moved to dismiss the complaint against her under Rule 12(b)(5) on the ground that she was not properly served with the complaint.  (Dkt. 58, p. 6).  After Hopkins responded to these motions, the defendants filed a joint reply brief that raised a new ground for dismissal, namely that Hopkins's claims should be dismissed under Rule 12(b)(1) because she lacked standing to seek relief against them.  (Dkt. 71, pp. 3-4).  Hopkins replied to this new argument in her surreply.  (Dkt. 75).  The Court will address each of these grounds for dismissal in turn.

### A.    Rule 12(b)(1) Motion

In their reply brief, the defendants contend that Hopkins's claims should be dismissed under Rule 12(b)(1) for lack of standing because the relief she seeks against each of them is outside of their individual authority.  (Dkt. 71, pp. 3-4).  Because standing is "a threshold matter of jurisdiction," the Court will address this argument before addressing the remaining arguments.  *Env't Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008) (quoting *Cole v. Gen. Motors Corp.*, 484 F.3d 717, 721 (5th Cir. 2007)); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–102 (1998) (discussing and collecting "two centuries of jurisprudence affirming the necessity of determining jurisdiction before proceeding to the merits"); *High v. Karbhari*, 774 F. App'x 180, 182 (5th Cir. June 12, 2019)

(per curiam) ("When a Rule 12(b)(1) challenge is raised alongside other Rule 12 challenges, the court should address the Rule 12(b)(1) issues before reaching the merits." (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001))).

To have standing under Article III to pursue a claim, a plaintiff must show (1) an injury-in-fact, (2) that is fairly traceable to the challenged action of the defendant and (3) that is likely to be redressed by granting the plaintiff's requested relief. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013); *see also Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). While the plaintiff has the burden of establishing these elements, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan*, 504 U.S. at 561 (quoting *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 889 (1990)).

The defendants belatedly contend that Hopkins does not have standing to pursue her claims because none of them have the authority to provide the relief she seeks. However, a decision on the merits of this argument depends on facts that are not now before the Court. The Second Amended Complaint does not include or attach the TDCJ dress and grooming policies from which Hopkins seeks accommodations, nor does any document before the Court at this time indicate who,

if anyone, may authorize accommodations from those policies based on a recommendation for treatment from a TDCJ medical provider.  The defendants' reply neither alleges any facts nor points to any document before the Court that would demonstrate that Hopkins's injury cannot be redressed by a judgment in her favor granting the relief she has requested against one, some, or all of these defendants.  In the absence of specific factual allegations and supporting documentation identifying the applicable policies and explaining the scope of each defendants' authority to grant accommodations from those policies based on a treatment recommendation from a TDCJ medical provider, the Court has no basis upon which to conclude at this stage of the proceedings that Hopkins does not have standing to seek relief from these defendants.  Therefore, the defendants' motion to dismiss under Rule 12(b)(1) must be denied at this time.

### B.      Rule 12(b)(6) Motion

The defendants have also moved to dismiss Hopkins's complaint under Rule 12(b)(6) based on her alleged failure to state a claim and the expiration of the statute of limitations.

### 1.      Failure to State a Claim

When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the

complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) (citation omitted). To survive a motion to dismiss, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be plausible, it must be "more than a sheer possibility," but not necessarily a probability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To meet this standard, the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court has thoroughly reviewed Hopkins's Second Amended Complaint and concludes that it alleges sufficient facts to state a plausible claim for deliberate indifference to Hopkins's serious medical needs by each defendant. While the defendants argue that Hopkins's allegations are legally insufficient, none of the cases they rely on for this argument involve a plaintiff with a recommendation from a medical provider for the treatment or accommodations he or she was seeking. *See Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257 (11th Cir. 2020) (affirming the denial of accommodations after a bench trial because Keohane's treatment team affirmatively denied that the requested accommodations were medically necessary

to treat her gender dysphoria); *Campbell v. Kallas*, 936 F.3d 536, 549 (7th Cir. 2019) (granting prison officials qualified immunity because no cases put prison officials on notice that denying the requested, but not medically recommended, gender dysphoria accommodation was unconstitutional); *Murray v. U.S. Bureau of Prisons*, 106 F.3d 401, 1997 WL 34677 (6th Cir. Jan. 28, 1997) (unpublished decision) (affirming summary judgment denying Murray access to hair and skin care products rather than to a medically recommended treatment).

At this stage of the proceedings, the Court must accept the allegations of the Second Amended Complaint as true, and the facts alleged are sufficient to state a plausible claim for an Eighth Amendment violation. The defendants' motion to dismiss for failure to state a claim must be denied at this time.

### 2.    Statute of Limitations

Even if a plaintiff's complaint states a plausible claim for relief, it may be dismissed under Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). The defendants contend that Hopkins's claim is barred by the two-year statute of limitations applicable to civil rights claims in Texas. But a factual dispute precludes dismissal at this time.

The defendants assert that the statute of limitations began to run in 2016, when Hopkins was first diagnosed with gender dysphoria. (Dkts. 58, pp. 5-6; 59, pp. 1-2;

60, pp. 5-6; 64, pp. 5-6).  If true, this would make Hopkins's initial complaint, which was filed in December 2019, untimely.   In response, Hopkins contends that the defendants' conduct constitutes a continuing violation that extends the statute of limitations, citing *Neel v. Rehberg*, 577 F.2d 262, 263-64 (5th Cir. 1978), and *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980), for the proposition that the denial of medically necessary treatment is a continuing wrong that prevents the statute of limitations from beginning to run until such medical care is provided. (Dkt. 68, pp. 13-16).  Alternatively, she asserts that the statute of limitations did not begin to run until October 2018, when she first received the medical recommendation for the accommodations she now seeks.  (*Id.* at 16-17).

Resolving this dispute requires, at a minimum, a review of Hopkins's medical records.  It may also require a review of Hopkins's grievance records and requests for accommodations.  However, these records are not before the Court at this time, and review of such records is not proper when considering a motion to dismiss. Accordingly, because the statute of limitations defense does not clearly appear on the face of the pleadings, the defendants' motion to dismiss on this basis must be denied.

**C.    Rule 12(b)(5) Motion**

In addition to joining the other defendants in moving to dismiss under Rules 12(b)(1) and 12(b)(6), defendant Linthicum also moved to dismiss the complaint

against her under Rule 12(b)(5) on the ground that she was not properly served. (Dkt. 58, p. 6).  In response to this motion, Hopkins effected proper and timely service on Linthicum on December 14, 2021, (Dkt. 67), and Linthicum does not dispute that she has now been properly served.  (Dkt. 71).  Her motion to dismiss on this basis is denied as moot.

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.  The defendants' Motions to Dismiss (Dkts. 57, 58, 59, 60, 64) are **DENIED**.

    The Clerk shall send a copy of this Order to the parties.

    Signed on April 20, 2022, at Houston, Texas.

David Hittner
United States District Judge