IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LILLY ANNE HOPKINS, aka SAMUEL HOPKINS, TDCJ #1986831, JOHN B. CONNALLY UNIT, | § § § § | |
| Plaintiff | § § | |
| v. | § § | Civil No. 4:19-CV-05041 |
| BOBBY LUMPKIN, et al., | § § § | |
| Defendants. | § | |

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROPOSED PROTECTIVE ORDER

The Court orders that the following restrictions and procedures apply to certain information, documents, and excerpts from documents that the parties produce to each other during initial disclosures and in response to discovery requests.

1. "Confidential Information" refers to private, secret, or restricted information of any party that by its nature must be maintained in confidence to protect the private interests of the party and is not a matter of public concern. Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response, or information revealed during a deposition as Confidential Information where in good faith such designation is necessary. The party producing documents subject to the Confidential Information designation must stamp the documents or information with indication of "CONFIDENTIAL."

2. "For Counsel Only" or "Confidential – Attorneys Eyes Only" refers to information that should not be disclosed to parties or to offenders in the TDCJ. Such information may include,

1

but is not limited to, policies, and information pertaining to prison construction and security such as facility blueprints.

      3.      Medical records produced in this case are presumed to contain Confidential Information. Medical records of Plaintiff are to be treated as designated confidential by Plaintiff's counsel such that Plaintiff is the "designating party," regardless of producing party.

      4.      Disclosure of Depositions. Information disclosed at the deposition of a party or non-party, including experts, may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. Any party also may designate information disclosed at a deposition as Confidential Information by notifying all parties in writing not later than thirty days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as confidential thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, control, or custody.

      5.      Unless otherwise ordered by the Court or provided for in this Order, any party receiving Confidential Information:

      a.      Must hold and maintain such information or document solely for use in prosecuting or defending this action; and

      b.      Must not disclose the information or document to any other person.

      c.      Information designated as "Confidential – Attorneys Eyes Only" must not be disclosed to parties or to offenders in the TDCJ.

      6.      The parties must make a good faith effort to resolve any challenge to another party's confidentiality designation within 30 days of receiving the information designated as

confidential. The challenging party may seek resolution by the Court in the absence of agreement within 60 days of receiving the information designated as confidential.

7. Information or documents designated as "confidential" must not be disclosed to any person, except:

    a. The requesting counsel and their clients, except that information designated as "Confidential – Attorneys Eyes Only" must not be disclosed to parties or to offenders in the TDCJ;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts retained by either party to the extent deemed necessary by retaining counsel to prosecute or defend the litigation;

    d. Any person from whom testimony is taken or is to be taken in this matter, but such a person may only be shown Confidential Information during and in preparation for testimony and may not retain the Confidential Information; and

    e. The Court, including any clerk, stenographer, or other person having access to Confidential Information by virtue of that person's position with the Court.

8. Prior to disclosing or displaying Confidential Information to clients or any persons identified in Paragraphs 4(c) and (d), counsel must:

    a. Inform the person of the confidential nature of the information and documents; and

    b. Inform the person that this Court has enjoined the use of the information or documents for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

9. Prior to disclosing or displaying Confidential Information to any persons identified in Paragraphs 4(c) and (d), counsel must also obtain a signed agreement binding the person to this Order in the form attached as Exhibit A. The party desiring to disclose Confidential Information may seek appropriate relief from the Court in the event such person refuses to sign an agreement.

10. The disclosure of a document or information without designating it as Confidential Information or "For Counsel Only" or "Confidential – Attorneys Eyes Only" shall not constitute a waiver of the right to later designate such document or information provided that the producing party designates such material as Confidential Information or "For Counsel Only" or "Confidential – Attorneys Eyes Only" no later than 30 days after the production of the information.  Upon such designation, all parties must treat such document or information as Confidential Information or "For Counsel Only" or "Confidential – Attorneys Eyes Only".  No producing party may hold a receiving party accountable for any use or disclosure prior to such designation.

11. Manner of Use in Proceedings.  Any party may submit Confidential Information to the Court under seal by designating the document "sealed" in the CM/ECF system of the Court or may deliver the document for filing by the Clerk's Office, in accordance with local and federal rules.  If a party delivers a copy to the Court, the document must be in a sealed envelope bearing the caption of this action and a label containing the following:

**CONFIDENTIAL INFORMATION**

**[case caption]**

**This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.**

12. Within ninety days after entry of final judgment no longer subject to further appeal, each party must return all Confidential Information and any copies to the producing party or provide certification of its destruction. Each parties' counsel may retain their working files on the condition that those files will remain confidential.

13. The foregoing is without prejudice to the right of any party to apply to the Court for an order to:

    a. Further protect Confidential Information;

    b. Seek protection regarding the production of documents or information;

    c. Compel production of documents or information; or

    d. Modify this Order.

14. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party maintains its right to object to the use or admissibility of all Confidential Information pursuant to applicable law and rules.

15. Any party may enforce this Order by motion to the Court. When appropriate and determined by the Court, a violation of this Order may result in the imposition of sanctions.

Signed, this ____ day _____, 2022.

                                                                                                 US DISTRICT COURT JUDGE

## EXHIBIT A

Counsel for _____ intends to disclose to me documents or information in connection with the matter entitled_____.

Counsel has informed me that a party has designated some of those documents or information as confidential. I understand that any of the documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I acknowledge that I have received and read the Confidentiality and Protective Order entered by the Court on _____. I agree that I will not disclose to any other person any documents labeled "CONFIDENTIAL" or information contained in those documents. I also agree not to use those documents or information for any purpose other than this litigation.

Signed: _____

Print Name: _____

Dated: _____