IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LILLY ANNE HOPKINS, AKA** § | | |
| **SAMUEL HOPKINS, TDCJ #1986831** § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | **CIVIL ACTION NO. 4:19-CV-5041** | |
| § | | |
| **BOBBY LUMPKIN,** *et al.,* § | | |
| *Defendants.* § | | |

**DEFENDANTS' MOTION TO DISMISS HAIR-BASED CLAIMS FOR LACK OF SUBJECT-MATTER JURISDICTION BASED ON MOOTNESS**

Defendants Bobby Lumpkin, Lannette Linthicum, Phonso Rayford, Roger Boyd, Joseph Penn, and Pamela Wagner (collectively, "Defendants") respectfully move to dismiss the claims pertaining to access to female hairstyles ("hair claims") against them for lack of subject-matter jurisdiction. Plaintiff Hopkins ("Hopkins") names Defendants only in their official capacities. ECF No. 48 at 4-8 ¶¶ 8-9, 11-14. Texas Department of Criminal Justice ("TDCJ") policy now allows Hopkins to grow long hair. Exhibit A. Hopkins may also wear it in a single braid or ponytail. *Id.* Since Hopkins seeks only declaratory and injunctive relief, *Id.* at 18-19 ¶ 60, all hair claims are moot. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). In further support, Defendants respectfully show the Court as follows:

# I.
# STATEMENT OF THE CASE

Hopkins filed suit pursuant to 42 U.S.C. § 1983 alleging violations of the Eighth Amendment, claiming that Defendants were deliberately indifferent to Hopkins' serious medical needs. Specifically, Hopkins claims Defendants failed to provide Hopkins with medically necessary treatment for gender dysphoria, "including by denying her [1] hair-length, [2] makeup, and [3] clothing accommodations." ECF No. 48 at 3, 18 ¶ 55 (numbering added). Hopkins seeks to compel all Defendants through declaratory and injunctive relief to provide Hopkins with "access to makeup, female clothing, and female grooming standards, including access to feminine hairstyles." *Id.* at 20 ¶ 60(b).

In response to Hopkins' amended complaint, Defendants moved for dismissal of the claims in their entirety for failure to state a claim under Federal Rule of Civil Procedure Rule 12. *See* ECF Nos. 57, 58, 59, 60, 64. Hopkins filed a response to Defendants' motions on January 14, 2022. ECF No. 68. On April 20, 2022, this Court denied Defendants' motions to dismiss. ECF No. 76. On November 28, 2022, Defendants Boyd and Rayford ("the Connally Unit Defendants") filed a motion to dismiss based on a separate mootness issue: namely, Hopkins' change in housing away from the Connally Unit, rendering moot the claims against the officials who are located at that particular unit. *See* ECF No. 95. This motion raises a separate mootness issue that—rather than applying to all claims but only specific defendants—applies to all defendants but only to a subset of Hopkins' requests for legal relief, namely that which pertains to hair.

During the pendency of this suit, TDCJ implemented a new policy—a policy that applies to all inmates, not merely Hopkins—that mooted Hopkins' hair claims (number [1] in the list above). This is a policy change, not a policy exemption, and it was not in response to this litigation. As Hopkins' request for a Court order regarding hair length is now superfluous, the hair-focused claims are moot. To be clear, Defendants do not move for dismissal of this lawsuit in its entirety. This motion pertains only to Hopkins' claim regarding hair length.

## II.
## MOTION TO DISMISS PURSUANT TO RULE 12(B)(1)

### A. Standard of Dismissal Under Rule 12(b)(1)

Dismissal is proper under Federal Rule of Civil Procedure 12(b)(1) when the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1); *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Raj v. La. State Univ.*, 714 F.3d 322, 327 (5th Cir. 2013) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* Under a Rule 12(b)(1) jurisdictional challenge, the Court may consider any of the following: "(1) the complaint alone; (2) the complaint supplemented by the undisputed

facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Robinson v. TCI/US West Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997).

**B. Hopkins' request for declaratory and injunctive relief as to the hair claims is moot because TDCJ policy now allows Hopkins to grow long hair.**

Here, Hopkins seeks declaratory and injunctive relief, ordering Defendants to allow "access to . . . female grooming standards, including access to feminine hairstyles." ECF No. 48 at 20 ¶ 60(b). Hopkins' claims against Defendants for declaratory and injunctive relief are moot as to the hair claims because Hopkins may now grow long hair, pursuant to agency policy. *See* Exhibit A. Because Hopkins' claims are moot, the hair claims are jurisdictionally barred.

The argument that a claim is moot challenges a court's jurisdiction. *See Eddins v. Excelsior Ind. Sch. Dist.,* 88 F.Supp.2d. 695, 701 (E.D. Tex. 2000) (citing U.S. Const. art. III and *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477–78 (1990)); *see also Thompson v. United States,* No. 3:06-CV-2144-D (BH), 2007 WL 1412308, at *3 (N.D. Tex. April 19, 2007) (a motion to dismiss on the grounds that a claim is moot may be brought under Rule 12(b)(1) for lack of subject-matter jurisdiction). A case becomes moot if it "no longer present[s] a case or controversy under Article III, § 2 of the Constitution." *Spencer,* 523 U.S. at 7. Under the case or controversy requirement, "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Id.* (citing *Lewis,* 494 U.S. at 472). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be

threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.* TDCJ policy now permits Hopkins to grow long hair. Hopkins may also wear a braid or ponytail, thereby mooting the hair claims. *See* Exhibit A.

Further, Hopkins cannot receive declaratory relief from Defendants. "'In a case of actual controversy within its jurisdiction,' the Declaratory Judgment Act allows a federal court to 'declare the rights and other legal relations of any interested party seeking such declaration.'" *Hosein v. Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006) (quoting 28 U.S.C. § 2201). But the Declaratory Judgment Act does not vest the federal courts with jurisdiction broader than Article III's "case or controversy" limitation. *Id.* In order to demonstrate that a case or controversy exists to meet the Article III standing requirement, a plaintiff seeking declaratory relief must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). "To obtain [declaratory] relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future." *Id.; see also Green v. Mansour*, 474 U.S. 64, 65 (1985) ("Where there is no claimed continuing violation of federal law or any threat of future violation, a declaratory judgment is inappropriate.").

To the extent Hopkins seeks declaratory relief as to alleged past harms, courts have held that any claim for declaratory relief regarding the propriety of past conduct must be dismissed for lack of standing. *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977)

(holding that standing for a declaratory judgment requires a live dispute) (internal quotation omitted); *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) ("Declaratory judgment is inappropriate solely to adjudicate past conduct."); *Armstrong v. Turner Indus.*, 141 F.3d 554, 563 (5th Cir. 1998) (in order to have standing to seek declaratory relief, plaintiffs "must allege a likelihood of future violations of their rights by [the defendant], not simply future effects from past violations.").

Moreover, Plaintiff's request for relief as to a past wrong is barred by the Eleventh Amendment. The *Ex parte Young* doctrine only provides a limited exception to Eleventh Amendment immunity for official capacity claims only. *Edelman v. Jordan*, 415 U.S. 651, 664–68 (1974) (providing a general overview of the doctrine). Under the *Ex parte Young* exception, Eleventh Amendment immunity may be overcome when the suit "seeks prospective, injunctive relief from a state actor, in [his] official capacity, based on an alleged ongoing violation of the federal constitution" or other federal law. *K.P. v. LeBlanc*, 729 F.3d 427, 439 (5th Cir. 2013); *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 413–14 (5th Cir. 2004).

That is, the same applies equally here in the context of a mootness—a declaration regarding past conduct does nothing to redress a live injury nor would it fall within *Ex parte Young*'s requirement that the relief sought be "prospective," as required to overcome sovereign immunity. *See Verizon Md., Inc. v. Public Serv. Com'n of Md.*, 535 U.S. 635, 645 (2002); *see also Beckett v. McMullen*, No. 3:17-CV-0216, 2018 WL 4593575, at *4 (S.D. Tex. Sept. 25, 2018) (stating that "Plaintiff's requests for declaratory or injunctive

6

relief to redress alleged past wrongs by state officials also are barred."); *Green*, 474 U.S. at 73; *Fontenot v. McCraw*, 777 F.3d 741, 752 (5th Cir. 2015); *Lewis v. Univ. of Tex. Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011).

Because Hopkins' claims for declaratory and injunctive relief as to any hair claims are moot, the Court lacks subject-matter jurisdiction.

## III.
## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion and dismiss Hopkins' claims for declaratory and injunctive relief pertaining to the hair claims without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief, Law Enforcement Defense Division

/s/ JACOB E. PRZADA
**JACOB E. PRZADA**
Attorney-In-Charge
Assistant Attorney General
Texas State Bar No. 24125371
Southern District I.D. No. 3725701

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / Fax (512) 370-9814
jacob.przada@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

8

## NOTICE OF ELECTRONIC FILING

I, **JACOB E. PRZADA**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above **Defendants' Motion to Dismiss Hair-Based Claims for Lack of Subject-Matter Jurisdiction Based on Mootness** in accordance with the Electronic Case Files System of the Southern District of Texas on November 28, 2022.

/s/ JACOB E. PRZADA
**JACOB E. PRZADA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **JACOB E. PRZADA**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above **Defendants' Motion to Dismiss Hair-Based Claims for Lack of Subject-Matter Jurisdiction Based on Mootness** has been served on all counsel of record by the Electronic Case Files System of the Southern District of Texas on November 28, 2022.

/s/ JACOB E. PRZADA
**JACOB E. PRZADA**
Assistant Attorney General