IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **LILLY ANNE HOPKINS, AKA** | § | |
| **SAMUEL HOPKINS, TDCJ #1986831** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-CV-5041 |
| | § | |
| **BOBBY LUMPKIN**, *et al.*, | § | |
| *Defendants.* | § | |

**JOINT MOTION TO AMEND SCHEDULING ORDER**

Plaintiff Lilly Anne Hopkins, AKA Samuel Hopkins ("Hopkins") and Defendants Bobby Lumpkin, Lannette Linthicum, Phonso Rayford, Roger Boyd, Joseph Penn, and Pamela Wagner (collectively, "the Parties") jointly move, pursuant to Fed. R. Civ. P. 16 and the Amended Scheduling Order dated October 24, 2022, to modify the Amended Scheduling Order. In support of their joint motion, the Parties state as follows:

**I.**
**STATEMENT OF THE CASE**

Hopkins filed suit pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment, claiming Defendants were deliberately indifferent to Hopkins' serious medical needs. Specifically, Hopkins claims Defendants failed to provide Hopkins with medically necessary treatment for gender dysphoria, "including by denying her hair-length, makeup, and clothing accommodations." ECF No. 48 at 18-19 ¶ 55. Hopkins seeks to compel all Defendants through declaratory and injunctive relief to provide

Hopkins with "access to makeup, female clothing, and female grooming standards, including access to feminine hairstyles." *Id.* at 20 ¶ 60(b).

In response to Hopkins' amended complaint, Defendants moved for dismissal under Federal Rule of Civil Procedure Rule 12. *See* ECF Nos. 57, 58, 59, 60, 64. Hopkins filed a response to Defendants' motions on January 14, 2022. ECF No. 68. On April 20, 2022, this Court denied Defendants' motions to dismiss. ECF No. 76. On November 28, 2022, Defendants filed a motion to dismiss Hopkins' hair claims based on mootness and the Connally Unit Defendants filed a separate motion to dismiss based on mootness. ECF Nos. 95, 96. On December 9, 2022, the Parties discussed a pending settlement offer and agreed that additional time would be needed to review the offer and engage in settlement discussions. Then, on December 19, 2022, this Court denied the Parties' Joint Motion to Stay Deadlines for Ninety Days. *See* ECF No. 103. However, the Parties are now closer to settlement and respectfully show the Court as follows:

## II.
## JOINT MOTION TO AMEND SCHEDULING ORDER

Motions to amend a scheduling order are governed by Federal Rule of Civil Procedure 16(b)(4). Rule 16(b)(4) instructs that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C.*

*v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003) (internal quotation marks omitted). The district court's discretion to allow modification of a scheduling order for good cause is guided by four factors: (1) the explanation for the inability to meet the deadline; (2) the importance of the requested modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Meaux Surface Protection, Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010) (citation omitted). Each of these factors weigh strongly in favor of the Parties' requested relief.

| Event | Current Deadline (Dkt. 93) | Amended Deadline |
|---|---|---|
| Substantial Completion of Document Production | February 1, 2023 | May 2, 2023 |
| Last Day to Depose Fact Witnesses | February 15, 2023 | May 16, 2023 |
| Plaintiff's Expert Report(s) Due | February 15, 2023 | May 16, 2023 |
| Defendants' Expert Report(s) Due | March 17, 2023 | June 15, 2023 |
| Close of Discovery | April 7, 2023 | July 6, 2023 |
| Amendment to Pleadings | Passed | Passed |
| Motion Cut Off | May 8, 2023 | August 7, 2023 |
| Joint Pretrial Order | June 30, 2023 | September 28, 2023 |
| Trial Term | July/August 2023 | October/November 2023 |

**(1) The explanation for the inability to meet the deadline**

The Parties have been diligently pursuing discovery and motion-practice in this case. However, after engaging in discussions regarding settlement, the Parties are now close to settlement, subject to approval of the Attorney General of Texas, or his designee. *Cf.* GAA, Article IX-77, Sec. 16.04(d), S.B. 1, 87th Leg., 2021 R.S. At present, the Parties have seven impending depositions, a document production deadline involving the substantial completion of the review of over 50,000 records, and Plaintiff's expert report deadline within the next forty days. Counsel for Defendants represent that they have reviewed 38,314 records, with plans to review an additional 13,148 records. Furthermore, the Law Enforcement Defense Division at the Office of the Attorney General of Texas has dedicated seven attorneys to assist with discovery in this case. The Parties also had two pending Motions to Dismiss, with a response deadline of February 2, 2023, and reply deadlines shortly thereafter.

Good cause exists for the Court to grant this Joint Motion to Amend Scheduling Order. On January 9, 2023, Counsel for the Parties discussed a pending settlement offer. Currently, both Parties are in the process of drafting and revising a proposed settlement agreement containing specific terms that would resolve the Parties' dispute. This draft agreement is being reviewed—not only by the Parties themselves—but by officials within the Office of the Attorney General of Texas, whose approval is required before the settlement can be finalized, per the General Appropriations Act ("GAA"). *Cf.* GAA, Article IX-77, Sec. 16.04(d), S.B. 1, 87th Leg., 2021 R.S.

For the same reasons courts avoid subjecting high-ranking agency officials to depositions because their resources are limited, counsel for Defendants request that this Court provide time for the requisite officials to review the key terms of the Parties' proposed agreement. *See e.g.*, *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995) (quoting *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993)) (per curiam) (observing that "high ranking government officials have greater duties and time constraints than other witnesses."). Counsel for the Parties have exchanged settlement offers, in writing, and are presently diligently working to streamline the terms and language of a compromise settlement agreement and release.

Good cause exists for granting the requested relief, as counsel for the Parties need to streamline the terms of the Settlement Agreement and Release, obtain approval from their clients, and receive approval from the Attorney General of Texas or his designee, pursuant to the GAA.

**(2) The importance of the requested modification**

The requested amendment is important. The cost of continuing down the litigation path—which includes depositions, review of voluminous records by litigation counsel, production, and review of expert reports after medical visits—is considerable. Indeed, should these litigation costs continue to accrue, they may pose a barrier to settlement itself. Far from advancing resolution of the Parties' dispute, litigation expenses could prevent that resolution from occurring. This factor weighs heavily in favor of granting the Parties additional time to pursue settlement.

**(3) Potential prejudice in allowing the modification**

There is no prejudice to either party in allowing the modification, as the deadlines are being extended in order to provide ample time to try to reach settlement, for both parties, given the interest in avoiding an unnecessary expense of time and resources for the Parties, who are either pro-bono counsel or government employees, funded by government resources. This extension will not prejudice the Parties.

**(4) The availability of a continuance to cure such prejudice**

As there is no prejudice, this factor is moot. But should the current deadlines not be amended, substantial prejudice would befall the Parties. For these reasons, the Parties believe that an amended scheduling order would be appropriate to provide adequate time for review of the proposed Settlement Agreement and Release, as well as to provide for the completion of significant discovery and motions deadlines.

This motion is not sought for delay, but to allow time for review and consideration of the proposed Settlement Agreement and Release by the necessary government officials. The requested amended deadlines will avoid unnecessary costs of litigation and additional discovery as to claims before this Court that may be resolved through settlement. The Parties respectfully request that the Court amend the aforementioned deadlines as the Parties and all necessary officials review the proposed Settlement Agreement and Release. No party will incur prejudice as a result of the amended schedule. The proposed amended schedule is not sought in bad faith to delay

the proceedings, but to ensure that the proposed Settlement Agreement and Release may be duly considered by the necessary individuals and officials.

## III.
### CONCLUSION

The four factors set forth in *Meaux Surface Protection* weigh strongly in favor of the Parties' requested scheduling modification. *Meaux Surface Protection,* 607 F.3d at 167.

For the foregoing reasons, the Parties have shown good cause for the Court to modify the Amended Scheduling Order to reset the deadlines as indicated on the Proposed Amended Scheduling Order in this case.

WHEREFORE, the Parties respectfully ask the Court to grant this joint motion, and grant any further relief that the Court deems necessary and just.

Respectfully submitted,

| | |
|---|---|
| Danielle J. Healey<br>Texas State Bar No. 09327980<br>Fed. ID No. 000035021<br>healey@fr.com<br><br>Jayme Partridge<br>Texas State Bar No. 17132060<br>Fed. ID No. 19621<br>partridge@fr.com<br>**FISH & RICHARDSON P.C.**<br>1221 McKinney Street, Suite 2800<br>Houston, Texas 77010<br>Telephone: 713-654-5300<br>Fax: 713-652-0109<br><br>*/s/ Sarah E. Jack (signed with permission)*<br>Sarah E. Jack (*pro hac vice*)<br>Minnesota State Bar No. 0400118 | **KEN PAXTON**<br>Attorney General of Texas<br><br>**BRENT WEBSTER**<br>First Assistant Attorney General<br><br>**GRANT DORFMAN**<br>Deputy First Assistant Attorney General<br><br>**SHAWN E. COWLES**<br>Deputy Attorney General for Civil Litigation<br><br>**SHANNA E. MOLINARE**<br>Division Chief<br>Law Enforcement Defense Division |

7

jack@fr.com
**FISH & RICHARDSON P.C.**
3200 RBC Plaza
60 South 6th Street
Minneapolis, Minnesota 55412
Telephone: 612-335-5070
Fax: 612-288-9696

Brian Klosterboer
Texas State Bar No. 24107833
S.D. Tex. 3314357
bklosterboer@aclutx.org

Savannah Kumar
(*pro hac vice*)
Texas State Bar No. 24120098
skumar@aclutx.org

Adriana Piñon
Texas State Bar No. 24089768
S.D. Tex. 1829959
apinon@aclutx.org

Andre Segura
Texas State Bar No. 24107112
S.D. Tex. 3123385
asegura@aclutx.org
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF TEXAS, INC.**
5225 Katy Fwy., Suite 350
Houston, Texas 77007
Telephone: 713-942-8146
Fax: 713-942-8966

**Counsel for Plaintiff Lilly Anne Hopkins, aka Samuel Hopkins,**

*/s/Jacob E. Przada*
**JACOB E. PRZADA**
Assistant Attorney General
Attorney-in-Charge
Texas State Bar No. 24125371
Southern District I.D. No. 3725701
jacob.przada@oag.texas.gov

**BENJAMIN L. DOWER**
Assistant Attorney General
Co-Counsel
Texas State Bar No. 24082931
Southern District I.D. No. 1742612
Benjamin.dower@oag.texas.gov

**AMY PRASAD**
Assistant Attorney General
Co-Counsel
Texas State Bar No. 24037295
Southern District I.D. No. 563045
Amy.prasad@oag.texas.gov

Law Enforcement Defense Division
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9996 (fax)

**Counsel for Defendants**

8

## CERTIFICATE OF CONFERENCE

I, **JACOB E. PRZADA**, Assistant Attorney General of Texas, do hereby certify that on January 19, 2023, this motion was conferenced with Counsel for Plaintiff, Sarah Jack via electronic mail. Plaintiff joins this motion.

/s/ JACOB E. PRZADA
**JACOB E. PRZADA**
Assistant Attorney General

## NOTICE OF ELECTRONIC FILING

I, **JACOB E. PRZADA**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing a true copy of the above **Joint Motion to Amend Scheduling Order** in accordance with the Electronic Case Files System of the Southern District of Texas on January 19, 2023.

/s/ JACOB E. PRZADA
**JACOB E. PRZADA**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **JACOB E. PRZADA**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above **Joint Motion to Amend Scheduling Order** has been served on all counsel of record by the Electronic Case Files System of the Southern District of Texas on January 19, 2023.

/s/ JACOB E. PRZADA
**JACOB E. PRZADA**
Assistant Attorney General
