United States District Court
Southern District of Texas
**ENTERED**
April 11, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LILLY ANNE HOPKINS, a/k/a SAMUEL HOPKINS, | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-5041 |
| BOBBY LUMPKIN, et al., | § § § | |
| *Defendants*. | § | |

## ORDER DENYING MOTION TO AMEND SCHEDULING ORDER

The plaintiff, Lilly Anne Hopkins, a/k/a Samuel Hopkins, filed a Second Amended Civil Rights Complaint under 42 U.S.C. § 1983, alleging that multiple government officials violated her civil rights in relation to certain accommodations she requested from the Texas Department of Criminal Justice—Correctional Institutions Division after she was diagnosed with gender dysphoria. (Dkt. 48). In April 2022, the Court set this matter for trial on the March/April 2023 trial term. (Dkt. 77).

In June 2022, the parties filed their **first** joint motion to amend the scheduling order, seeking to extend certain discovery deadlines while keeping the trial set as scheduled. (Dkt. 83). The Court granted this motion. (Dkt. 84).

In August 2022, the parties filed a **second** joint motion to amend the

scheduling order due to the alleged volume of discovery, which asked the Court to further extended discovery deadlines while keeping the trial set as scheduled. (Dkt. 87). The Court granted this motion. (Dkt. 88).

In October 2022, the parties filed a **third** joint motion to amend the scheduling order, this time asking the Court to amend all deadlines and reschedule the trial for the July/August 2023 trial term. (Dkt. 92). The Court granted this motion. (Dkt. 93).

In December 2022, the parties filed their **fourth** joint motion to amend the scheduling order, asking the Court to stay all deadlines for 90 days so that the parties could pursue settlement negotiations. (Dkt. 102). The motion sought to continue the trial date to the October/November 2023 trial term. (*Id.*). The Court denied this motion, confident that the parties could simultaneously engage in settlement negotiations while preparing for trial. (Dkt. 103).

Shortly thereafter, the parties filed their **fifth** joint motion to amend the scheduling order, explaining that the parties were close to settlement, subject only to the approval of the Attorney General of Texas. (Dkt. 104). The parties asserted that it would be improper for the Court to require "high-ranking agency officials" to attend depositions and that it would improperly waste agency resources for the Court to require discovery and trial preparation to proceed in light of the impending

settlement. (*Id.* at 4-5). The Court granted this motion and rescheduled the trial for the October/November 2023 trial term. (Dkt. 106).

Despite the parties' assurances of an impending settlement, they have now filed their **sixth** joint motion to amend the scheduling order. (Dkt. 109). The parties allege that they were ultimately unable to reach a settlement and request that the Court reschedule the trial to the February/March 2024 trial term so that they can pursue the discovery necessary to bring this matter to trial. (*Id.* at 3-4).

This action has been pending for well over three years. The parties are represented by competent counsel, all of whom have repeatedly assured the Court that discovery has been on-going and that they have been diligently litigating the issues in this case. Counsel has not adequately explained why, despite multiple prior continuances, they are unable to prepare for a trial that is scheduled for at least six months hence. Accordingly, the parties' **sixth** unopposed motion to amend scheduling order stay, (Dkt. 109), is **DENIED**. The deadlines in the amended scheduling order dated January 23, 2023, (Dkt. 106), remain in force.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, on ___April 10___, 2023.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE

3